UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MANUEL MATEO-EVANGELIO and JAIME TREJO-CARDONA, on behalf of themselves and all other similarly situated persons, | ) ) ) ) | |
| | ) | COMPLAINT |
| Plaintiffs, | ) ) | |
| | ) | CLASS ACTION |
| v. | ) ) | |
| TRIPLE J PRODUCE, INC., HOCUTT BROTHERS, INC., JUDY HOCUTT, JOEY M. HOCUTT, MICHAEL HOCUTT, M. JAY HOCUTT, and BRADLEY EATMON, | ) ) ) ) ) | Civil Action No.: |
| Defendants. | ) ) | |
| _____ | ) | |

## I.  PRELIMINARY STATEMENT

1.  This is a class action by two employees of a closely held farming enterprise consisting of two corporate entities, Triple J. Produce, Inc. and Hocutt Brothers, Inc., and the five principals and/or day-to-to operators of those two entities for unpaid wages at the adverse effect wage rate ("AEWR") and overtime rate required by the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Acct ("NCWHA"), and liquidated damages under 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(a1), failure to pay all wages when due and other related violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq.*, and the North Carolina Wage and Hour

Act ("NCWHA"), N.C.Gen.Stat. § 95-25.6.

2. Based upon their claims and the claims of the classes and collective actions under 29 U.S.C. §§ 206(a) and 207(a) and N.C. Gen. Stat. §§ 95-25.6 and 95-25.22, the plaintiffs and the members of the collective actions and classes that they seek to represent seek payment of back wages, an equal amount of liquidated damages, actual or statutory damages, attorney fees, and costs under 29 U.S.C. §§ 216(b) and 1854(c)(1), and N.C. Gen. Stat. §§ 95-25.22(a), (a1), and (d) against Triple J. Produce, Inc. and Hocutt Brothers, Inc., Joey M. Hocutt, M. Jay Hocutt, Mike Hocutt, Judy Hocutt, and Bradley Eatmon.

II.  <u>JURISDICTION</u>

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1337, and 1367(a), and 29 U.S.C. §§ 216(b) and 1854(a).  This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

III. <u>VENUE</u>

4. Venue over this action lies in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and 29 U.S.C. §§ 216(b) and 1854(a). At the time this action was filed against defendants Triple J Produce, Inc. (hereinafter referred to as "Triple J") and Hocutt Brothers, Inc.

(hereinafter "Brothers"), against defendants Joey M. Hocutt, M. Jay Hocutt, Mike Hocutt, and Judy Hocutt (hereinafter referred to as the "individual Hocutt defendants"), and against defendant Bradley Eatmon, Triple J, Brothers, and all of the individual defendants resided in Wilson County, North Carolina. As all times relevant to this action, Triple J and Hocutt were and are closely held, for profit, corporations organized under the laws of the State of North Carolina and operated both as an agricultural enterprise and as a business enterprise engaged in the production, processing and packing of agricultural commodities for sale in interstate commerce. All defendants regularly engaged in substantial business activities in Wilson County, North Carolina at the time this action was commenced, and a substantial part of the events that gave rise to this action occurred in Wilson County, North Carolina and the other counties that are listed in 28 U.S.C. § 113(a).

IV. <u>NAMED PLAINTIFFS</u>

5. Both of the named plaintiffs were and/or are jointly and severally employed (as the term "employ" is defined by N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. § 203(g)) by one or more of the individual defendants, defendant Triple J, defendant Brothers, the agricultural

enterprise operated by Triple J and Brothers, and/or the business enterprise operated by Triple J and/or Brothers (hereinafter referred to collectively as "all defendants") engaged in the production, processing and packing of agricultural commodities for sale in interstate commerce for the following periods of time to perform the following activities:

(a) From in or about January 2011 through the present date for about ten or less workweeks in each calendar year in that same time period, plaintiff Mateo was and is jointly, severally, and predominantly employed in the packing house operated by one or more of the individual defendants and one or more of the corporate defendants or by an enterprise operated by two or more defendants as a migrant agricultural worker for varying periods of time to pack and process sweet potatoes and other agricultural commodities that were and are produced solely by all defendants.

(b) Upon information and belief, during each calendar year described in the time period alleged in ¶5(a) above for ten or more workweeks in each calendar year in that same time period, plaintiff Mateo was and is also jointly, severally, and predominately employed in the packing house operated by one or more of the individual defendants and one or more of the corporate defendants or by an enterprise operated by two

or more defendants as a migrant worker for varying periods of time to pack and process sweet potatoes and other agricultural commodities that were and are produced by person(s) or entities other than all defendants.

(c)  From in or about January 2011 through the present date for about thirty or more weeks in each calendar year in that same time period, plaintiff Mateo also was and is jointly and severally employed in the fields of one or more of the individual defendants and one or more of the corporate defendants or by an enterprise operated by two or more defendants as a migrant agricultural worker for varying periods of time to plant, top, sucker, and harvest tobacco, and to harvest asparagus and other vegetables that were and are produced by all defendants.

(d)  From in or about May 15, 2014 through on or about November 8, 2014 for most if not all of those weeks alleged in ¶5(c) above, plaintiff Mateo was also jointly and severally employed by Triple J or by the enterprise of Triple J and Hocutt as a migrant agricultural worker in "corresponding employment" as that term is defined in 20 C.F.R. § 655.103(b)(2014) to top, sucker, and harvest tobacco, and to harvest asparagus and other vegetables grown by Triple J or by the enterprise of Triple J and one or more other named defendant.

(e)  From in or about January 2011 through the present date for approximately fifty or more weeks in each calendar year in that same time period, plaintiff Jaime Trejo-Cardona ("Trejo") was and is jointly and severally employed in the packing house operated by one or more of the individual defendants and one or more of the corporate defendants or by an enterprise operated by two or more defendants as a migrant agricultural worker for varying periods of time to pack and process sweet potatoes and other agricultural commodities that were and will be produced by one or more of the defendants or by an enterprise of two or more defendants.

(f)  Upon information and belief, during each calendar year described in the time period alleged in ¶5(e) above for about twelve or more workweeks in each calendar year in that same time period, plaintiff Trejo was and is also jointly, severally, and predominately employed in the packing house operated by one or more of the individual defendants and one or more of the corporate defendants or by an enterprise operated by two or more of the defendants as a migrant worker for varying periods of time to pack and process sweet potatoes and other agricultural commodities that were and are produced by person(s) or entities other than the named individual defendants and corporate defendants in whatever form, enterprise, or combination.

## V. DEFENDANTS

6. At all times relevant to this complaint, defendant corporate entity Triple J Produce, Inc. (hereinafter "Triple J") is and has been a corporation that is organized under the laws of the state of North Carolina, for the purpose of, among others, producing, processing, packing, and/or marketing tobacco, peppers, sweet potatoes and other agricultural products within and without North Carolina. At all times relevant to this action, Judy Hocutt, 8541 Bailey Road, Sims, North Carolina 27880, was and is the registered agent for service of process on Triple J Produce, Inc.

7. At all times relevant to this complaint, defendant corporate entity Hocutt Brothers, Inc. (hereinafter "Brothers") is and has been a corporation that is organized under the laws of the state of North Carolina, for the purpose of, among others, producing, processing, packing, and marketing tobacco, sweet potatoes, peppers, squash, asparagus, and other agricultural products within and without North Carolina. At all times relevant to this action, Michael J. Hocutt, 8541 Bailey Road, Sims, North Carolina 27880, was and is the registered agent for service of process on Hocutt Brothers, Inc.

8. At all times relevant to this action, Hocutt and Triple J and each of the individual defendants engaged in and

continue to engage in related activities in the production, processing, packing, and marketing of various agricultural commodities, and performed (either through an unified operations at 8541 Bailey Road in Sims, North Carolina, or by common control of Hocutt and Triple J exercised by Michael Hocutt and his wife, Judy Hocutt, the sons of Michael and Judy Hocutt, M. Jay Hocutt and Joey M. Hocutt, and by Bradley Eatmon) for the common business purpose of producing, processing, and/or selling tobacco, sweet potatoes and other agricultural commodities.

9.    At all times relevant to this complaint, defendant Michael Hocutt has been and continues to be a principal, part-owner, and co-operator of both Hocutt and Triple J. During that same time period, upon information and belief, defendant Michael Hocutt has been and continues to be an officer of both Hocutt and Triple J.

10.   At all times relevant to this complaint, defendant Judy Hocutt, the wife of Michael Hocutt, has been and continues to be a principal, part-owner, and co-operator of both Hocutt and Triple J. During that same time period, Judy Hocutt is and has been the President of Triple J.

11.   At all times relevant to this complaint, defendant M. Jay Hocutt, a son of Michael and Judy Hocutt, has been and continues to be a principal, part-owner, and co-operator of

both Hocutt and Triple J. During that same time period, M. Jay Hocutt is and has been the President of Hocutt.

12. At all times relevant to this complaint, defendant Joey M. Hocutt, another son of Michael and Judy Hocutt, has been and continues to be a principal, part-owner, and co-operator of both Hocutt and Triple J. During that same time period, Joey M. Hocutt is and has been the Vice-President of Hocutt.

13. Upon information and belief, at all times relevant to this complaint, defendant Bradley Eatmon has been and continues to be a manager and co-operator of Triple J and Hocutt. In that capacity, Mr. Eatmon contracted with The North Carolina Grower's Association, Inc. ("NCGA") in early 2014 to submit an application to the U.S. Department of Labor ("DOL") and U.S. Citizenship and Immigration Service ("CIS") to obtain and employ from May 15, 2014 through November 8, 2014 thirty temporary agricultural workers with temporary non-immigrant H-2A visas issued pursuant to the H-2A program codified at 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1). That application was approved and Triple J and/or the enterprise of Triple J and Brothers employed at least 30 Mexican nationals with H-2A visas issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1).

A true and correct copy of that application is attached to this Complaint marked as Plaintiff's Exhibit A.

14.  At all times in 2014 that are alleged in ¶¶5(d) and 13 above, Triple J, Hocutt, and all of the individual defendants were and continue to be the "employer" of plaintiff Mateo, the workers employed in "corresponding employment" that he seeks to represent, and the H-2A workers described in ¶13 above within the meaning of the word "employer" as defined in 20 C.F.R. § 655.103(b)(2014).

15.  At all times during the same time periods alleged in ¶14 above, plaintiff Mateo, the workers that he seeks to represent, and the H-2A workers described in ¶13 above were "employees" of defendants Triple J, the enterprise of Triple J and Hocutt, and defendant Eatmon within the meaning of the term "employee" as defined in 20 C.F.R. § 655.103(b)(2014).

16.  Upon information and belief, at all times relevant to this action, defendants Triple J, Hocutt, and the enterprise operated by Triple J and Hocutt each were and are enterprises that were and are engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.  Upon information and belief, during each calendar year falling in the four year time period immediately preceding the date on which this action was filed, defendants Triple J, Hocutt, and the enterprise operated by Triple J and

Hocutt each had an annual gross volume of sales made or business done of not less than $500,000 exclusive of excise taxes at the retail level that were separately stated.

18. During each calendar year falling in the four year time period immediately preceding the date on this action was filed, one or more employees of defendants Triple J, Hocutt, and the enterprise operated by Triple J and Hocutt, and both of the named plaintiffs handled goods or equipment that had moved in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. Defendants Michael Hocutt, his wife Judy Hocutt, their sons M. Jay Hocutt and Joey M. Hocutt, and defendant Bradley Eatmon all participated in the day-to-day operation of Triple J, Hocutt, and the enterprises operated by Triple J and/or Hocutt.

20. Either personally and/or through their personal agents and employees, defendants Michael Hocutt, his wife Judy Hocutt, their sons M. Jay Hocutt and Joey M. Hocutt, and defendant Bradley Eatmon (hereinafter referred to as the "individual defendants") all directed, controlled, and supervised the work of the plaintiffs and the workers that plaintiff Mateo and/or plaintiff Trejo seek to represent as part of their regular involvement in the day-to-day

operations of Triple J, Hocutt, and the enterprises operated by Triple J and/or Hocutt.

VI.  FLSA COLLECTIVE ACTION ALLEGATIONS (§ 207(a))(FLSA)

21. Pursuant to the collective action procedure specified at 29 U.S.C. §216(b) and the Second Claim for Relief, plaintiffs Mateo and Trejo file this collective action for each similarly situated person employed in the packing house operated by one or more of the defendants or by an enterprise operated by two or more of the defendants for varying periods of time to pack and process sweet potatoes and other agricultural commodities that were and are produced by person(s) or entities other than the named individual defendants and corporate defendants in whatever form, enterprise, or combination at any time in the time period starting with the first date in the three (3) year time period immediately preceding the date on which such person files a Consent to Sue in this action pursuant to 29 U.S.C. §216(b), and ending with the date final judgment is entered in this action.

22. This FLSA collective action for the Second Claim for Relief is on behalf of those members of the FLSA collective action for all workweeks that occurred in whole or in part during the time periods described in ¶21 above in which plaintiffs Mateo and/or Trejo and the members of

this FLSA collective action in which plaintiffs Mateo and/or Trejo and the members of this FLSA collective action were not or will not be paid at the hourly rate required by 29 U.S.C. § 207(a)(1) for the hours they performed or will perform work totaling in excess of 40 hours in the same workweek when all or some part of those hours worked were not and/or will not be performed in connection with the farming operations of all defendants.

23.  During the time period described in ¶21 above, all defendants jointly or severally employed plaintiffs Mateo and Trejo and in excess of one hundred other employees to pack and process sweet potatoes in excess of 40 hours in the same workweek when all or some part of those hours worked were not and/or will not be performed in connection with the farming operations of all defendants.

24.  This collective action is based upon the willful failure of all defendants to pay plaintiffs Mateo and Trejo and the members of this collective action wages free and clear on or before their regular payday for each workweek for the work in excess of 40 hours in those same workweeks that are described in ¶¶22-23 above at the overtime rate required by 29 U.S.C. § 207(a)(1) for each hour worked or part of an hour worked that plaintiffs Mateo and/or Trejo and each member of this collective action worked in excess of 40 hours

during each of those same workweeks.

VII. RULE 23(b)(3) CLASS ALLEGATIONS (NCWHA #1)

25. The First Claim for Relief is brought under the NCWHA by plaintiffs Mateo and Trejo on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. In the First Claim for Relief based on the NCWHA, named plaintiffs Mateo and Trejo seek to represent a class consisting of all employees of all defendants who were and will not be paid all wages when due on their regular payday at the wage rate disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) for the hours worked by the named plaintiffs and those workers in those workweeks when all or some part of the hours worked were not and/or will not be performed in connection with the farming operations of all defendants when the total hours worked for all defendants were and/or will be in excess of 40 in the same workweek for any workweek that occurred in whole or in part at any time in the two (2) year time period immediately preceding the date on which this action was filed and continuing thereafter until the date on which final judgment is filed in this action.

27. The class alleged in ¶26 above is so numerous and so geographically dispersed as to make joinder impractical.

-14-

The precise number of individuals in this class is known only to the defendants. However, the class is believed to include over one hundred (100) individuals. This class is comprised of indigent migrant and seasonal agricultural workers and other workers many of whom maintain no permanent residence in the United States. Many of the class members in this class are not fluent in the English language and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the class members in this class make the maintenance of separate actions by each class member of this class infeasible.

28. There are questions of law and fact common to each class alleged in ¶26 above. These common legal and factual questions are, among others:

(a) Pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did and will one or more of all defendants disclose to either of the named plaintiffs and the members of the class defined in ¶26 above that one or more of all defendants would pay wages free and clear at one and one-half the regular hourly wage rate of the plaintiff and the members of the class defined in ¶26 above for all hours worked in excess of 40 in the same workweek when no overtime wage exemption applied to that work?

(b) Did the defendants violate the wage payment provisions of N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA") applicable to named plaintiffs Mateo and/or Trejo and the class defined in ¶26 above by failing to pay wages free and clear at the rate that one or more of all defendants disclosed to them for all hours worked in excess of 40 in the same workweek?

29. The claim in the First Claim for Relief of the named Plaintiffs is typical of the claims of the members of the class defined in ¶26 above, and those typical, common claims predominate over any questions affecting only individual class members. The named plaintiffs Mateo and Trejo have the same interests as to other members of the class defined in ¶26 above and will vigorously prosecute these interests on behalf of the class defined in ¶26 above.

30. The named plaintiffs Mateo and Trejo will fairly and adequately represent the interests of the class defined in ¶26 above.

31. The undersigned counsel Robert J. Willis of the Law Office of Robert J. Willis, P.A. for plaintiffs Mateo and Trejo is an experienced litigator who has been named counsel for several class actions. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate

this action and to provide notice to the members of the class defined in ¶26 above under Rule 23(b)(3).

32.   A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a)   The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶26 above, substantially diminish the interest of members of the class defined in ¶26 above in individually controlling the prosecution of separate actions;

(b)   Many members of each of the class defined in ¶26 are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c)   There has been no litigation already commenced against any individual defendant or corporate defendant named in this action by the members of the class defined in ¶26 above to determine the questions presented;

(d)   It is desirable that the claims be heard in this forum because all defendants reside in this district and the cause of action arose in this district;

(e)   A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did

maintain detailed records concerning each member of the class defined in ¶26 above.

VIII. RULE 23(b)(3) CLASS ALLEGATIONS (NCWHA #2)

33. The Third Claim for Relief is brought under the NCWHA by plaintiffs Mateo on behalf of himself and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. In the Third Claim for Relief based on the NCWHA, named plaintiff Mateo seeks to represent a class consisting of all employees of all defendants who were not be paid all wages when due on their regular payday at the adverse effect wage rate ("AEWR") disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) for the hours worked by named plaintiff Mateo and those workers in those workweeks when they were jointly and severally employed by Triple J or by the enterprise of Triple J and Hocutt as an agricultural worker to perform "corresponding employment" as that term is defined in 20 C.F.R. § 655.103(b)(2014) to top, sucker, and/or harvest of tobacco, and/or to harvest asparagus and other vegetables grown by Triple J or by the enterprise of Triple J and one or more other named defendant at any time in the time period from in or about May 15, 2014 through on or about November 8, 2014.

35. The class alleged in ¶34 above is so numerous and so geographically dispersed as to make joinder impractical. The precise number of individuals in this class is known only to the defendants. However, upon information and belief, the class is believed to include over fifty (50) individuals. This class is comprised of indigent migrant and seasonal agricultural workers and other workers many of whom maintain no permanent residence in the United States. Many of the class members in this class are not fluent in the English language and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the class members in this class make the maintenance of separate actions by each class member of this class infeasible.

36. There are questions of law and fact common to each class alleged in ¶34 above. These common legal and factual questions are, among others:

(a) Pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did one or more of all defendants disclose to either of the named plaintiff Mateo and the members of the class defined in ¶34 above that one or more of all defendants would pay wages free and clear at the adverse effect wage rate required by 20 C.F.R. §§ 655.122(a), 655.122(c), and 655.122(l) for persons employed in

"corresponding employment" as that term is defined in 20 C.F.R. § 655.103(b)(2014) for the H-2A workers employed in the work that is described in ¶13 above?

(b) Did the defendants violate the wage payment provisions of N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA") applicable to named plaintiff Mateo and the class defined in ¶34 above by failing to pay wages free and clear at the AEWR rate that one or more of all defendants disclosed to them for all hours worked at any time in the time period from in or about May 15, 2014 through on or about November 8, 2014?

37. The claim in the Third Claim for Relief of named Plaintiff Mateo is typical of the claims of the members of the class defined in ¶34 above, and those typical, common claims predominate over any questions affecting only individual class members. Named plaintiff Mateo has the same interests as to other members of the class defined in ¶34 above and will vigorously prosecute these interests on behalf of the class defined in ¶34 above.

38. Named plaintiff Mateo will fairly and adequately represent the interests of the class defined in ¶34 above.

39. The undersigned counsel Robert J. Willis of the Law Office of Robert J. Willis, P.A. for plaintiff Mateo is an experienced litigator who has been named counsel for several

class actions. Plaintiff's counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶34 above under Rule 23(b)(3).

40. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶34 above, substantially diminish the interest of members of the class defined in ¶34 above in individually controlling the prosecution of separate actions;

(b) Many members of each of the class defined in ¶34 are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c) There has been no litigation already commenced against any individual defendant or corporate defendant named in this action by the members of the class defined in ¶34 above to determine the questions presented;

(d) It is desirable that the claims be heard in this forum because all defendants reside in this district and the cause of action arose in this district;

(e) A class action can be managed without undue difficulty because all defendants regularly committed the

violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶34 above.

IX. RULE 23(b)(3) CLASS ALLEGATIONS (AWPA)

41. The Fourth Claim for Relief is brought under the AWPA by plaintiffs Mateo and Trejo on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. In the Fourth Claim for Relief based on the AWPA, named plaintiffs Mateo and Trejo seek to represent a class consisting of all migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who performed temporary or seasonal work in agriculture as a employee of all defendants at any time in the three (3) year time period immediately preceding the date on which this action was filed and continuing thereafter until the date on which final judgment is filed in this action. This class consists of the following subclasses for each separate agricultural season that occurred in that same time period:

(a) plaintiff Mateo and those workers to whom all defendants failed to pay weekly wages that were or will be due when they were due for all hours worked performing the

type of field work that is described in ¶5(c) above when the gross compensation paid did not or will not equal or exceed the product of the hours worked and the specific hourly rate disclosed to those same workers in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(b) plaintiff Mateo and those migrant agricultural workers to whom all defendants failed to or will fail to ascertain and accurately disclose in writing to each such worker who was or will be recruited at the time of recruitment the wage rates to be paid for their employment by all defendants in the type of employment that is described in ¶5(d) above in violation of 29 U.S.C. § 1821(a)(2), and

(c) both plaintiffs Mateo and Trejo and those workers to whom all defendants failed to pay all weekly wages that were due when they were due when those workers worked in in excess of 40 hours in the same workweek when some or all of those same hours worked in those same workweeks were not and/or will not be performed in connection with the farming operations of all defendants in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(d) plaintiff Mateo and those workers for whom all defendants failed to maintain accurate wage records as to the number of hours worked in the performance of the type of work

that is described in ¶5(c) above and the total pay period earnings for each such worker for that same type of work during each separate agricultural season that occurred in that same time period in violation of 29 U.S.C. §§ 1821(d)(1)(C)-(D) and 1831(d)(1)(C)-(D), and

(e) plaintiff Mateo and those workers to whom all defendants failed or will fail to provide an itemized statement including accurate information as to the number of hours worked in the performance of the type of work described in ¶5(c) above and the total pay period earnings for each such worker for the performance of that same type of work during each separate agricultural season that occurred in that same time period in violation of 29 U.S.C. §§ 1821(d)(2) and 1831(d)(2), and

(f) plaintiff Mateo and those U.S. workers with whom all defendants violated, without justification, the working arrangement to pay those workers at the same adverse effect wage rate that defendants Triple J and/or the enterprise of Triple J and Hocutt contracted to pay the H-2A workers that they employed during each separate agricultural season that occurred in that same time period in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(g) plaintiffs Mateo and Trejo and those workers with whom all defendants violated, without justification, the

working arrangement to pay time and one half each worker's regular hourly rate when those workers worked in in excess of 40 hours in the same workweek when some or all of those same hours worked were not and/or will not be performed in connection with the farming operations of all defendants in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(h) both plaintiffs Mateo and Trejo and those workers to whom all defendants knowingly provided false or misleading information as to whether all defendants were and/or are exempt from the obligation to pay wages at the overtime rate described in 29 U.S.C. § 207(a)(1) when those workers worked in in excess of 40 hours in the same workweek when some or all of those same hours worked were not and/or will not be performed in connection with the farming operations of all defendants in violation of 29 U.S.C. §§ 1821(f) and 1831(e), and

(i) for the time period from on or about May 15, 2014 through on or about November 8, 2014, plaintiff Mateo and those U.S. workers to whom all defendants failed to pay all weekly wages that were due when they were due at the adverse effect wage rate (AEWR) of $9.87 per hour for all hours worked in those workweeks in the time periods described in ¶¶5(d) and 13 above when plaintiff Mateo and those U.S. workers performed corresponding employment to that performed

by the H-2A workers described in ¶13 above in violation of 29 U.S.C. §§ 1822(a) and 1832(a).

43. The class and each subclass alleged in ¶¶42(a)-(i) above are so numerous and so geographically dispersed as to make joinder impractical for the same reasons alleged in ¶27 above.

44. There are questions of law and fact common to the class and each of the subclasses alleged in ¶¶42(a)-(i) above. These common legal and factual questions are, among others:

(a) for each separate agricultural season that occurred in the time period described in ¶42 above, did and will all defendants employ plaintiffs Mateo and Trejo and the persons described in ¶42 above as migrant or seasonal agricultural workers under the AWPA?

(b) for each separate agricultural season that occurred in the time period described in ¶42 above, for the workers described in ¶¶42 and 42(d)-(e) above did or will all defendants violate the recordkeeping and wage statement provisions of 29 U.S.C. §§ 1821(d)(1)(B)-(D), 1821(d)(2), 1831(d)(1)(B)-(D), 1831(d)(2) of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") applicable to named plaintiff Mateo and the class and subclasses defined in ¶¶42 and 42(d)-(e) above by failing to disclose, make, and

preserve wage statements and records which accurately disclosed and recorded the number of piecework units earned, the hours worked, and the total pay period earnings for the named plaintiff Mateo and the members of the class and subclasses defined in ¶¶42(d)-(e)?

(c) for each separate agricultural season that occurred in time period described in ¶42 above, did or will all defendants violate the rights of named plaintiffs Mateo and Trejo and the members of the class and subclasses defined in ¶¶42, 42(c), and 42(g) above under the payment when due requirements of 29 U.S.C. §§ 1822(a) and 1832(a) as described in ¶42(c) above, and the working arrangement requirements of 29 U.S.C. §§ 1822(c) and 1832(c) as described in ¶42(g) above in the manner alleged in ¶¶42(c) and 42(g) above?

(d) for each separate agricultural season that occurred in time period described in ¶42 above, did or will all defendants violate the rights of named plaintiff Mateo and the members of the class and subclasses defined in ¶¶42, 42(f), and 42(i) above under the payment when due requirements of 29 U.S.C. §§ 1822(a) and 1832(a) as described in ¶42(i) above, and the working arrangement requirements of 29 U.S.C. §§ 1822(c) and 1832(c) as described in ¶42(f) above in the manner alleged in ¶¶42(f) and 42(i) above?

(e)  for each separate agricultural season that occurred in time period described in ¶42 above, did or will all defendants violate the rights of named plaintiff Mateo and the members of the class and subclasses defined in ¶¶42 and 42(a) above under the payment when due requirements of 29 U.S.C. §§ 1822(a) and 1832(a) as described in ¶42(a) above in the manner alleged in ¶¶42(a) above?

(f)  for each separate agricultural season that occurred in the time period alleged in ¶42 above, did or will all defendants violate the rights of plaintiffs Mateo and Trejo and the members of the class and subclass defined in ¶¶42 and 42(h) above with respect to the prohibition against the provision of false or misleading information in 29 U.S.C. §§ 1821(f) and 1831(e) as described in ¶42(h) above in the manner alleged in ¶42(h) above.

(g)  for each separate agricultural season that occurred in the time period alleged in ¶42 above, did or will all defendants violate the rights of plaintiff Mateo and the members of the class and subclass defined in ¶¶42 and 42(b) above with respect to the accurate disclosure in writing to each migrant agricultural worker who was or will be recruited by all defendants at the time of their recruitment the wage rates to be paid for their employment that is described in ¶¶5(d) and 34 above in violation of 29 U.S.C. § 1821(a)(2).

45. The claims of plaintiff Mateo and Trejo in the Fourth Claim for Relief are typical of the claims of the members of the class and subclasses defined in ¶¶42 and 42(a)-(h) above, and those typical, common claims predominate over any questions affecting only individual class and/or subclass members. Named plaintiffs Mateo and Trejo have the same interests as to other members of the class and subclasses defined in ¶¶42 and 42(a)-(h) above and will vigorously prosecute these interests on behalf of the class and subclasses defined in ¶¶42 and 42(a)-(h) above.

46. Named plaintiffs Mateo and Trejo will fairly and adequately represent the interests of the class and subclasses defined in ¶¶42 and 42(a)-(h) above.

47. The undersigned counsel Robert J. Willis of the Law Office of Robert J. Willis, P.A. for all Plaintiffs is an experienced litigator who has been named counsel for several class actions. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class and subclass defined in ¶¶42 and 42(a)-(h) above under Rule 23(b)(3).

48. The reasons, *inter alia*, that a class action under Rule 23(b)(3) is superior to other available methods of adjudicating the controversy alleged with respect to the

class and subclasses defined in ¶¶¶42 and 42(a)-(h) above are the same as those alleged in ¶32(a)-(e) above with respect to the class and subclasses defined in ¶¶42 and 42(a)-(h) above.

X.  <u>FACTUAL ALLEGATIONS</u>

49.  For each tobacco, pepper, asparagus, and sweet potato planting and harvest season that occurred in calendar years 2011 through and including the date the Court enters final judgment in this action, all defendants jointly and severally employed named plaintiff Mateo and/or named plaintiff Trejo and the members of the collective action and classes of migrant and seasonal agricultural workers defined in ¶¶21-22, 26, 34, and 42 above that plaintiff Mateo and/or plaintiff Trejo seek to represent to perform planting, harvest, and other agricultural and non-agricultural work for all defendants.

50.  For the time period starting with on or about May 15, 2014 through at least on or about November 8, 2014, defendant Triple J and/or an enterprise of Triple J and Brothers employed at least 30 Mexican nationals with H-2A visas as described in ¶13 above pursuant to the labor certification application that is attached to this Complaint marked as Plaintiff's Exhibit A.

51.  During the entire time period described in ¶50 above, defendant Triple J and/or an enterprise of Triple J

and Brothers employed plaintiff Mateo and the class of U.S. workers described in ¶34 above to perform "corresponding employment" as that term is defined in 20 C.F.R. § 655.103(b)(2014) to grow and harvest tobacco and other agricultural commodities in that same time period.

52. Upon information and belief, pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), for each sweet potato harvest and planting season that occurred in each year from 2010 forward, all defendants disclosed to plaintiffs Mateo and Trejo, and the class defined in ¶26 above by both written individual disclosure forms and posted statements that were and are maintained in a place accessible to plaintiffs Mateo and Trejo, and the members of the class defined in ¶26 above that one or more of all defendants would pay wages free and clear at one and one-half the regular hourly wage rate of the plaintiffs and the members of the class defined in ¶26 above for all hours worked in excess of 40 in the same workweek when no overtime wage exemption applied to that work.

53. Upon information and belief, pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), for the tobacco growing and harvesting season and other agricultural crop harvesting season that occurred in the time period from on or about May 15, 2014 through on or about November 8, 2014, Triple J and/or an enterprise consisting of Triple J and Brothers

disclosed to plaintiff Mateo and the class defined in ¶34 above by both written individual disclosure forms and posted statements that were and are maintained in a place accessible to plaintiff Mateo and the members of the class defined in ¶34 above that one or more of all defendants would pay wages free and clear to that same class of workers at the same adverse effect wage rate of $9.87 per hour for all hours worked that Triple J and/or an enterprise of Triple J and Brothers paid the Mexican nationals described in ¶50 above.

54. Upon information and belief, pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), for each of the three (3) tobacco growing and harvesting season and other agricultural crop harvesting seasons that occurred in the three year time period immediately preceding the date on which this action and continuing with each such season thereafter until final judgment is entered in this action, all defendants disclosed to plaintiff Mateo and the class and subclass defined in ¶¶42 and 42(a) above by both written individual disclosure forms and posted statements that were and are maintained in a place accessible to plaintiff Mateo and the members of the class and subclass defined in ¶42 and 42(a) above that one or more of all defendants would pay wages free and clear to that same class of workers at the disclosed hourly rate for all hours

worked as the term "hours worked" is defined by N.C.Gen.Stat. §§ 95-25.2(8).

55. Based at least in part upon the disclosures described in ¶52 above, plaintiffs Mateo and/or Trejo and, as alleged in ¶¶26, 42(c), and 42(g), the members of the class and/or subclasses described in ¶¶26, 42(c), and 42(g) had an agreement and working arrangement with all defendants to pay promised wages to plaintiffs Mateo and/or Trejo and the members of the class and/or subclasses defined in ¶¶26, 42(c), and 42(g) pursuant to the terms of those same disclosures.

56. Based at least in part upon the disclosures described in ¶53 above, plaintiff Mateo and, as alleged in ¶¶34, 42(f), and 42(i), the members of the class and/or subclasses described in ¶¶34, 42(f), and 42(i) had an agreement and working arrangement with Triple J and/or an enterprise operated by Triple J and Brothers to pay promised wages to plaintiff Mateo and the members of the class and/or subclasses defined in ¶¶34, 42(f), and 42(i) pursuant to the terms of those same disclosures.

57. Based at least in part upon the disclosures described in ¶54 above, plaintiff Mateo and, as alleged in ¶¶42 and 42(a), the members of the class and/or subclass described in ¶¶42 and 42(a) had an agreement and working

arrangement with all defendants, Triple J, and/or an enterprise operated by Triple J and Brothers to pay promised wages when due for all hours worked to plaintiff Mateo and the members of the class and/or subclass defined in ¶¶42 and 42(a) pursuant to the terms of those same disclosures.

58. As part of the work described in ¶¶5(c) and 49 above for all defendants during a substantial number of each of the time periods and workweeks that are described in ¶¶42 and 42(a) above, all defendants employed and/or employ the named plaintiff Mateo and the subclass defined in ¶42(a) above of approximately 50 or more migrant or seasonal agricultural workers to plant, top, sucker, and harvest tobacco, and to harvest asparagus and other vegetables for a specified hourly rate.

59. All defendants did not accurately record the start and stop times or hours worked by named plaintiff Mateo and the subclass of workers described in ¶58 above.

60. As a result, all defendants did not pay named plaintiff Mateo and that same subclass of workers all the wages they were due when they were due on their regular payday. In at least ten workweeks in each of the three years immediately preceding the date on which this action was filed, named plaintiff Mateo and the members of that same subclass were shorted more than two hours of the pay that

they were due for each of those workweeks.

61. During a substantial number of the workweeks that described in each of the time periods that are described in ¶¶21-22, 26, 42(c), and 42(g)-(h) above, all defendants employed the named plaintiffs Mateo and Trejo and the members of the collective action described in ¶¶21-22 and the class and/or subclasses described in ¶¶26, 42(c), and 42(g)-(h) above to perform work for all defendants in the form of the packing and/or processing of sweet potatoes that were produced by persons other than all defendants. Upon information and belief, those persons and/or entities other than all defendants included but are not limited to Jimmy D. Jones, Boykin Farms, Boyette Farms, and other unknown sweet potato producers.

62. During a substantial number of the same workweeks that described in ¶¶21-22, 26, 42, 42(c), and 42(g)-(h) above, plaintiffs Mateo and Trejo and the members of the collective action described in ¶¶21-22 and the class and subclasses described in ¶¶26, 42, 42(c), and 42(g)-(h) above performed the work that is described in ¶49 and 61 above so that the total of hours worked in one or more of those same workweeks by plaintiffs Mateo and Trejo and the members of that same collective action and the those same class and subclasses in a substantial number of workweeks described in

¶¶21-22, 26, 42, 42(c), and 42(g)-(h) above exceeded 40 hours.

63. For the work that is described in ¶¶61-62 above, all defendants intentionally did not compensate named plaintiffs Mateo and Trejo and the class and subclasses defined in ¶¶26, 42, 42(c), and 42(g) above at the wage rate they were due when those wage were due pursuant to the terms of the disclosures described in ¶52 above and in violation, without justification, of the agreement and working arrangement described in ¶55 above.

64. Plaintiff Mateo's regular hourly wage rate set by all defendants was $7.75 per hour for at least part of 2013, $8.00 per hour starting in January 2014, and $8.25 per hour starting later in 2014.

65. The wage rate set by all defendants for plaintiff Trejo was $8.00 per hour for at least part of 2013 and increased to more than $8.00 per hour in 2014.

66. For the work that is described in ¶¶61-63 above, all defendants compensated named plaintiffs Mateo and Trejo and the members of the collective action that is defined in ¶¶21-22 above at a straight regular hourly rate, and not at the overtime rate required by 29 U.S.C. § 207(a).

67. For the work that is described in ¶¶61-63 above, all defendants violated their working arrangement described

in ¶55 above with named plaintiffs Mateo and Trejo and the members of the class and subclasses defined in ¶¶26, 42, and 42(g) by paying those workers at a straight regular hourly rate, and not at one and one-half the regular hourly rate of the named plaintiffs and those workers that all defendants had disclosed to them as part of their working arrangement pursuant N.C.Gen.Stat. §§ 95-25.13(1)-(2).

68. For the work that is described in ¶¶61-63 above, all defendants failed to pay all wages when due pursuant to their working arrangement described in ¶55 above with named plaintiffs Mateo and Trejo and the members of the class and subclass defined in ¶¶26, 42, and 42(c) by paying those workers at a straight regular hourly rate, and not at one and one-half the regular hourly rate of the named plaintiffs and those workers that all defendants had disclosed to them as part of their working arrangement pursuant N.C.Gen.Stat. §§ 95-25.13(1)-(2).

69. During all of the workweeks that are described in ¶¶5(d), 13, 51, and 53 above, defendants Triple J and/or an enterprise operated by defendants Triple J and Brothers paid plaintiff Mateo and the U.S. worker members of the class and subclasses defined in ¶¶34, 42(f), and 42(i) above at a wage rate that was less than the applicable AEWR of $9.87 per hour for all hours worked during that same time period.

70. The failure of defendants Triple J and/or an enterprise operated by defendants Triple J and Brothers paid plaintiff Mateo and the U.S. worker members of the class and subclasses defined in ¶¶34, 42(f), and 42(i) above violated, without justification, the terms of the working arrangement described in ¶56 above between plaintiff Mateo and the U.S. worker members of that class and those subclasses for payment of all hours worked at the applicable adverse effect wage rate of $9.87 per hour.

71. For the work that is described in ¶¶5(c), 49, and 58 above, all defendants intentionally did not compensate named plaintiff Mateo and the class and/or subclasses defined in ¶¶42 and 42(a), and 42(e) above at the hourly wage rate they were due when those wage were due pursuant to the terms of the disclosures described in ¶54 above and in violation of the agreement and working arrangement described in ¶57 above.

72. During each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action, all defendants intentionally did not and will not keep or maintain any accurate records as to the number of hours worked and total pay period earnings for any field work of the type that is described in ¶¶5(c), 49,

58, and 59 above that was performed by named plaintiff Mateo and the members of the class and subclasses defined in ¶¶42, 42(a), and 42(d) above.

73. During each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action, all defendants intentionally did not and will not provide to named plaintiff Mateo and the members of the class and subclasses defined in 42, 42(a), and 42(e) above itemized wage statements with accurate information as to the number of hours worked and total pay period earnings for any field work of the type that is described in ¶¶5(c), 49, and 58 above that was performed by named plaintiff Mateo and the members of the class and subclasses defined in ¶¶42, 42(a), and 42(e) above.

74. During each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action, all defendants intentionally failed, without any justification, to comply with the terms of the working arrangements and disclosures that are described in ¶¶52 and 55 above.

75.     During each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action, defendants Triple J and/or an enterprise operated by Triple J and Brothers intentionally failed, without any justification, to comply with the terms of the working arrangement and disclosure that is described in ¶¶53 and 56 above.

76.     During each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action, all defendants knowingly and intentionally provided false or misleading information to named plaintiffs Mateo and Trejo and the class or subclass of persons defined in ¶42(h) above that all defendants were not obligated to pay wages to those same workers at the overtime rate described in 29 U.S.C. § 207(a)(1) for the work that is described in ¶¶61-62 above when all defendants knew that all defendants were not exempt from the obligation to pay at that same overtime rate pursuant to the exemption specified in 29 U.S.C. § 213(b)(12) because all defendants knew that all defendants were packing and/or

processing and continue to pack and/or process sweet potatoes and/or agricultural products produced by farmers other than all defendants as alleged in ¶61 above of this complaint.

77. During the time period described in ¶¶5(d) and 13, and 50 above, and continuing, on information and belief, through the date that final judgment is entered in this action, all defendants failed and, upon information and belief, will fail to ascertain and accurately disclose in writing to named plaintiff Mateo and each member of the class and subclass defined in ¶¶42 and 42(b) above at the time of their recruitment for employment the wage rates to be paid for their employment by all defendants for the type of employment described in ¶¶5(d) in violation of 29 U.S.C. § 1821(a)(2).

78. Upon information and belief, as experienced agricultural employers who have participated in more than one session to educate them as to their obligations under the FLSA, the NCWHA, and the AWPA, all defendants were on notice of their obligations under the FLSA, the NCWHA, and the AWPA, and acted in reckless disregard of those obligations in 2011, 2012, 2013, and 2014.


XI.  FIRST CLAIM FOR RELIEF (NCWHA #1)

79. Paragraphs 5 through 20, 25-32, and 49-78, inclusive, above are realleged and incorporated herein by reference by named plaintiffs Mateo and Trejo and each member of the class defined in ¶26 of this complaint that named plaintiffs Mateo and Trejo seek to represent pursuant to Rule 23(b)(3), Fed.R.Civ.P., against all defendants under the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§ 95-25.1 *et seq.*

80. As alleged in ¶¶52, 55, 61-65, and 68 above, all defendants violated their duty to named plaintiffs Mateo and Trejo and the class defined in ¶26 above to pay all wages under N.C.Gen.Stat. § 95-25.6 when those wages were due pursuant to the terms of the agreement and disclosures that are described in ¶¶52, 55, and 68 above that all defendants made to and has and had with named plaintiffs Mateo and Trejo and the members of the class defined in ¶26.

81. As a result of the actions or omissions of all defendants that are described or referred to in ¶¶25-32 and 49-78 above of this complaint, plaintiffs Mateo and Trejo and each person who is a member of the class defined in ¶26 above of this complaint have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), and 95-25.22(a1).

XII. SECOND CLAIM FOR RELIEF (NCWHA #2)

82. Paragraphs 5 through 20, 33-40, and 49-78, inclusive, above are realleged and incorporated herein by reference by plaintiff Mateo and each member of the class defined in ¶34 of this complaint that the named plaintiff seeks to represent pursuant to Rule 23(b)(3), Fed.R.Civ.P., against defendants Triple J and/or an enterprise as defined by N.C.Gen.Stat. § 95-25.2(18) operated by Triple J and defendant Brothers under the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§ 95-25.1 *et seq*.

83. As alleged in ¶¶53, 56, and 69-71, inclusive, above, defendant Triple J or an enterprise operated by Triple J and defendant Brothers violated their duty to plaintiff Mateo and the class defined in ¶34 above to pay all wages under N.C.Gen.Stat. § 95-25.6 when those wages were due pursuant to the terms of the agreement and disclosures that are described in ¶¶53, 56, and 69-71 above that defendant Triple J or an enterprise operated by Triple J and defendant Brothers made to and has and had with plaintiff Mateo and the members of the class defined in ¶34.

84. As a result of the actions or omissions of defendant Triple J and/or an enterprise operated by defendant Triple J and defendant Brothers that are described or referred to in ¶¶33-40 and 49-78 above of this complaint, plaintiff Mateo and each person who is a member of the class

-43-

defined in ¶34 above of this complaint have suffered damages in the form of unpaid wages that may be recovered under the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§ 95-25.1 *et seq*.

XIII. <u>THIRD CLAIM FOR RELIEF (FLSA § 207)</u>

85. Paragraphs 5 through 16, 21-24, 49-78, inclusive, above are realleged and incorporated herein by reference by plaintiffs Mateo and Trejo and each member of the collective action defined in ¶¶21-22 above of this complaint that the plaintiffs Mateo and Trejo seek to represent pursuant to 29 U.S.C. § 216(b) against all defendants under §§ 207(a)(1) and 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

86. As alleged in ¶¶61-63 above, all defendants violated their duty to plaintiffs Mateo and Trejo and the members of the collective action defined in ¶¶21-22 above to pay wages at the overtime rate required by 29 U.S.C. § 206(a) for the work described in ¶¶61-68 above that plaintiffs Mateo and Trejo and the members of the collective action defined in ¶¶21-22 above performed for all defendants.

87. As a result of the willful actions or omissions of all defendants that are described or referred to in ¶¶5-78 inclusive, above of this complaint, plaintiffs Mateo and Trejo and each person who is a member of the collective

action defined in ¶¶21-22 above of this complaint have suffered damages in the form of underpayment of wages and liquidated damages that may be recovered under 29 U.S.C. §§ 207(a)(1) and 216(b).

XIV. <u>FOURTH CLAIM FOR RELIEF (AWPA)</u>

88. Paragraphs 5 through 16 and 41-78, inclusive, above are realleged and incorporated herein by reference by plaintiffs Mateo and Trejo and each member of the classes and subclasses defined in ¶¶42 and 42(a)-(i) above of this complaint that plaintiffs Mateo and/or Trejo seeks to represent pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure against all defendants under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq.

89. Except as specifically alleged below, during each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action, all defendants intentionally violated the AWPA and its implementing regulations in the following ways with respect to the following subclasses of the class defined in ¶42 above:

(a) plaintiff Mateo and those workers to whom all defendants failed to pay weekly wages when those wages were or will be due when they were due for all hours worked performing the type of field work that is described in ¶5(c) above when the gross compensation paid did not or will not equal or exceed the product of the hours worked and the specific hourly rate disclosed to those same workers in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(b) plaintiff Mateo and those workers to whom all defendants failed to or will fail to ascertain and accurately disclose in writing to each such worker who was or will be recruited at the time of recruitment the wage rates to be paid for their employment by all defendants in the type of employment that is described in ¶5(d) above in violation of 29 U.S.C. § 1821(a)(2), and

(c) both plaintiffs Mateo and Trejo and those workers to whom all defendants failed to pay all weekly wages that were due when they were due when those workers worked in in excess of 40 hours in the same workweek when some or all of those same hours worked in those same workweeks were not and/or will not be performed in connection with the farming operations of all defendants in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(d) plaintiff Mateo and those workers for whom all defendants failed to maintain accurate wage records as to the number of hours worked in the performance of the type of work that is described in ¶5(c) above and the total pay period earnings for each such worker for that same type of work during each separate agricultural season that occurred in that same time period in violation of 29 U.S.C. §§ 1821(d)(1)(C)-(D) and 1831(d)(1)(C)-(D), and

(e) plaintiff Mateo and those workers to whom all defendants failed or will fail to provide an itemized statement including accurate information as to the number of hours worked in the performance of the type of work described in ¶5(c) above and the total pay period earnings for each such worker for the performance of that same type of work during each separate agricultural season that occurred in that same time period in violation of 29 U.S.C. §§ 1821(d)(2) and 1831(d)(2), and

(f) plaintiff Mateo and those U.S. workers with whom all defendants violated, without justification, the working arrangement to pay those workers at the same adverse effect wage rate that defendants Triple J and/or the enterprise of Triple J and Hocutt contracted to pay the H-2A workers that they employed during each separate agricultural season that

occurred in that same time period in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(g) plaintiffs Mateo and Trejo and those workers with whom all defendants violated, without justification, the working arrangement to pay time and one half each worker's regular hourly rate when those workers worked in in excess of 40 hours in the same workweek when some or all of those same hours worked were not and/or will not be performed in connection with the farming operations of all defendants in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(h) both plaintiffs Mateo and Trejo and those workers to whom all defendants knowingly provided false or misleading information as to whether all defendants were and/or are exempt from the obligation to pay wages at the overtime rate described in 29 U.S.C. § 207(a)(1) when those workers worked in in excess of 40 hours in the same workweek when some or all of those same hours worked were not and/or will not be performed in connection with the farming operations of all defendants in violation of 29 U.S.C. §§ 1821(f) and 1831(e), and

(i) for the time period from on or about May 15, 2014 through on or about November 8, 2014, plaintiff Mateo and those U.S. workers to whom all defendants failed to pay all weekly wages that were due when they were due at the adverse

effect wage rate (AEWR) of $9.87 per hour for all hours worked in those workweeks in the time periods described in ¶¶5(d) and 13 above when plaintiff Mateo and those U.S. workers performed corresponding employment to that performed by the H-2A workers described in ¶13 above in violation of 29 U.S.C. §§ 1822(a) and 1832(a).

90. As a result of the intentional actions or omissions of all defendants that are described or referred to in ¶¶41-78, inclusive, above of this complaint, plaintiffs Mateo and Trejo and each person who is a member of the class and subclasses defined in ¶¶42 and 42(a)-(i) above of this complaint have suffered damages, and are entitled to payment of statutory damages pursuant to 29 U.S.C. § 1854(c)(1) for each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action.

XV. CLAIM FOR DECLARATORY RELIEF

91. Paragraphs 3 through 90 above are realleged and incorporated herein by reference by plaintiffs Mateo and Trejo, the class and subclasses of persons defined in ¶¶26, 34, 42, and 42(a)-(i), and the members of the collective actions defined in ¶¶21-22 above that plaintiffs Mateo and Trejo seek to represent against all defendants.

92.  The parties named in this action and members of the classes and collective actions that plaintiffs Mateo and Trejo seek to represent are in dispute as to their respective rights, privileges, obligations, and liabilities under the Fair Labor Standards Act, the Migrant and Seasonal Agricultural Worker Protection Act, and the North Carolina Wage and Hour Act, and require declaratory relief as to what those respective rights, privileges, obligations, and liabilities are.

WHEREFORE Plaintiffs Mateo and Trejo respectfully requests that the Court:

(a)  Grant a jury trial on all issues so triable;

(b)  Pursuant to Rule 23(b)(3), Fed.R.Civ.P., certify named Plaintiffs Mateo and Trejo as representatives of the classes and subclasses alleged in ¶¶26, 42, 42(c), and 42(g)-(h) above with respect to the First and Fourth Claims for Relief based upon the factors alleged in ¶¶25-32, and 41-48, inclusive, above of this Complaint;

(c)  Pursuant to Rule 23(b)(3), Fed.R.Civ.P., certify named Plaintiff Mateo as the representative of the classes and subclasses alleged in ¶¶34, 42, 42(a)-(b), 42(d)-(f), and 42(i) above with respect to the Second and Fourth Claims for Relief based upon the factors alleged in ¶¶33-48, inclusive, above of this Complaint;

(d) Pursuant to 29 U.S.C. § 216(b), certify named plaintiffs Mateo and Trejo as the representatives of the collective action alleged in ¶¶21-22 above with respect to the Third Claim for Relief;

(e) Enter judgment against defendants Triple J Farms, Inc., Hocutt Brothers, Inc., the enterprise operated by Triple J and Brothers, and each of the individual defendants, jointly and severally, and in favor of named plaintiffs Mateo and Trejo and each member of the classes defined in ¶¶26 and 34 above for unpaid back wages, liquidated damages where allowed by law, plus pre- and post-judgment interest at the full amount allowed by law under the First and Second Claims for Relief;

(f) Enter judgment against Triple J Farms, Inc., Hocutt Brothers, Inc., the enterprise operated by Triple J and Brothers, and each of the individual defendants, jointly and severally, and in favor of named plaintiffs Mateo and/or Trejo and each member of the collective actions defined in ¶¶21-22 above for unpaid back wages, liquidated damages where allowed by law, plus pre- and post-judgment interest at the full amount allowed by law under the Third Claim for Relief;

(g) For the corresponding employment that occurred in the time period from on or around May 15, 2014 to on or around November 8, 2014 for which named plaintiff Mateo and

any members of the subclass described in ¶¶42(f) and 42(i), enter judgment against defendant Triple J Farms, Inc. and/or any enterprise operated by Triple J Farms, Inc. and/or Hocutt Brothers, Inc., jointly and severally, and in favor of named plaintiff Mateo and each member of the class and subclasses defined in ¶¶42(f) and 42(i) above for statutory damages in the full amount authorized by 29 U.S.C. § 1854(c)(1), plus pre- and post-judgment interest at the full amount allowed by law under the Fourth Claim for Relief;

(h) For each separate agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing through the date that final judgment is entered in this action, enter judgment against defendant Triple J Farms, Inc., Hocutt Brothers, Inc., and each of the individual defendants, jointly and severally, and in favor of named plaintiff Mateo and each member of the class and subclasses defined in ¶¶42 and 42(a)-(b) and 42(d)-(e) above for statutory damages in the full amount authorized by 29 U.S.C. § 1854(c)(1), plus pre- and post-judgment interest at the full amount allowed by law under the Fourth Claim for Relief;

(i) For each separate agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing

through the date that final judgment is entered in this action, enter judgment against defendant Triple J Farms, Inc., Hocutt Brothers, Inc., and each of the individual defendants, jointly and severally, and in favor of named plaintiffs Mateo and Trejo and each member of the class and subclasses defined in ¶¶42 and 42(c) and 42(g)-(h) above for statutory damages in the full amount authorized by 29 U.S.C. § 1854(c)(1), plus pre- and post-judgment interest at the full amount allowed by law under the Fourth Claim for Relief;

(j) Enter judgment against defendants Triple J Farms, Inc., Hocutt Brothers, Inc., any enterprise operated by Triple J Farms, Inc. and/or Hocutt Brothers, Inc., and each of the individual defendants, jointly and severally, and in favor of named plaintiffs Mateo and Trejo and each member of the classes and collective actions defined in ¶¶21-22, 26, and 34 above for costs and a reasonable attorney's fee pursuant to 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(d);

(k) Enter judgment against defendants Triple J Farms, Inc., Hocutt Brothers, Inc., any enterprise operated by Triple J Farms, Inc. and/or Hocutt Brothers, Inc., and each of the individual defendants, jointly and severally, and in favor of named plaintiffs Mateo and Trejo and each member of

the classes subclasses defined in ¶42 and 42(a)-(i) above for costs pursuant to 29 U.S.C. §§ 1854(a) and 1920;

(l)  Grant  named  plaintiffs  Mateo  and  Trejo  and  the members  of  the  collective  action,  classes,  and  subclasses that  they  seek  to  represent  declaratory  relief  that defendants  Triple  J  Farms,  Inc.,  Hocutt  Brothers,  Inc.,  any enterprise  operated  by  Triple  J  Farms,  Inc.  and/or  Hocutt Brothers,  Inc.,  and  each  of  the  individual  defendants, jointly  and  severally,  have  violated  the  rights  of  named plaintiffs  Mateo  and  Trejo  and  those  other  employees  under the FLSA and the AWPA;

(l)  Award  such  other  relief  as  may  be  just  and  proper in this action.


 Respectfully  submitted,  this  the  31st  day  of  December 2014.

                        LAW OFFICE OF ROBERT J. WILLIS, P.A.

                        BY:/s/Robert J. Willis
                            Robert J. Willis, Esq.
                            Attorney at Law
                            NC Bar #10730
                            (mailing address)
                            P.O. Box 1269
                            Raleigh, NC  27602
                            (919) 821-9031 telephone
                            (919)821-1764 facsimile

                            5. W. Hargett Street
                            Suite 404

Raleigh, NC  27601
Counsel for Plaintiffs
rwillis@rjwillis-law.com

<u>CONSENT TO SUE</u>

I, <u>Manuel Mateo Evangelio</u>, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

<u>✗ Manuel Mateo G.</u>
<span style="padding-left:4em;">SIGNATURE</span>

<u>9/23/14.</u>
<span style="padding-left:3em;">DATE</span>

## CONSENT TO SUE

I, _Jaime Trejo Cardona_, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_Jaime Trejo_
SIGNATURE

_9/25/14._
DATE