UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 7:14-cv-302-FL

| | |
|---|---|
| MANUEL MATEO-EVANGELIO and JAIME TREJO-CARDONA, on behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>TRIPLE J PRODUCE, INC., HOCUTT BROTHERS, INC., HOCUTT FARMS, INC., JUDY HOCUTT, JOEY M. HOCUTT, JAMES MICHAEL HOCUTT, M. JAY HOCUTT, and BRADLEY EATMON,<br><br>Defendants. | **CONSENT PROTECTIVE ORDER** |

In accordance with the conference on July 24, 2015 with the Court, the parties have agreed to mediate their dispute in the near future. Sufficiently prior to the mediation, Defendants Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. will produce, on an expedited basis, certain documents (hereinafter referred to as "Expedited Documents") to Plaintiffs' counsel. The parties have agreed to the entry of this Consent Protective Order to protect against disclosure of Defendants' Expedited Documents. The parties to this Consent Protective Order understand and agree that each party's agreement to any term(s) or provision(s) of this Consent Protective Order is made without prejudice to each such party's right to pursue full discovery in this action without any limitation(s) imposed by this Consent Protective Order in the event that this action is not settled in the August 2015 mediation contemplated by this Consent Protective Order. At the present time, the parties to this Consent Protective Order

contemplate that the mediation in this action will be conducted on August 27, 2015 and, if necessary, will continue to and through August 28, 2015.

Therefore, it appearing to the Court there is good cause to enter an order to protect certain Expedited Documents:

IT IS HEREBY ORDERED that the Parties' counsel agree to the terms of this Protective Order as provided herein, shall be governed by the following terms and conditions in connection with the production of Expedited Documents.

### A. Scope of Protective Order

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern the production of Expedited Documents to Plaintiffs' counsel.

   a. This Protective Order shall also apply to any copies, excerpts, abstracts, charts, analyses, summaries, descriptions, notes, or other forms of recorded information containing, reflecting, or disclosing any such Expedited Documents.

   b. The Expedited Documents are being produced by Defendants prior to early mediation between the parties to be held in the near future.

   c. If the mediation is not conducted or is cancelled, the Expedited Documents will not be produced to Plaintiffs' counsel or, if already produced to Plaintiffs' counsel, shall be promptly returned (along with all copies) to the Producing Party.

   d. If mediation is successful, Plaintiffs' counsel shall return all Expedited Documents (along with any copies) to the Producing Party.

   e. If the mediation is not successful, Plaintiffs' counsel shall make all Expedited Documents (along with all copies) available for pick up by one or more agent(s) of the Defendants within five (5) days of impasse or shall destroy such Expedited Documents (along

with all copies) within five (5) days of any such impasse as directed by the Defendants, or both, unless the parties have otherwise agreed in writing.

    **B.**    **Definitions**

1. "Party" means any named plaintiff or defendant in this action, including plaintiff's or defendant's counsel of record.

2. "Producing Party": a Party that produces Expedited Documents in this action.

3. "CONFIDENTIAL" shall mean Expedited Documents, furnished prior to or as part of early mediation, regarded by the Producing Party as confidential and/or private information, including proprietary data, trade secrets, other valuable or commercially sensitive information, confidential and private information concerning parties, witnesses, and persons not party to this action, and/or commercially sensitive or otherwise confidential information designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronically stored information, and audio and video recordings. "Documents" shall not, however, include attorney work product.

4. "ATTORNEYS' EYES ONLY Information" shall mean CONFIDENTIAL Information that a party believes is so sensitive that it should not be made available to other parties or their employees and is designated "ATTORNEYS' EYES ONLY" pursuant to the procedures set forth below. CONFIDENTIAL Information that is designated ATTORNEYS' EYES ONLY Information shall also be deemed designated CONFIDENTIAL. The plaintiffs agree that the following specific items of Information are ATTORNEY EYES ONLY for purposes of this Consent Protective Order:

    a. Tax returns and supporting documents of any Defendant;

  b. Contracts and related documents between Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. and entities or individuals as to which/whom Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. provides any services relating to planting, growing, harvesting, processing, or packing of sweet potatoes or other agricultural commodities;

  c. Medical information about any Defendant;

  d. Marital or domestic information about any Defendant; and

  e. Financial records about any Defendant.

  5. **Confidentiality.** Expedited Documents, specifically including those designated as Confidential or Attorney Eyes Only, shall be used solely for this litigation and the preparation for mediation in this case and not for any other purpose whatsoever, including without limitation any other litigation, labor organizing, or any business or competitive purpose or function. Expedited Documents shall not be distributed, disclosed, or made available to anyone except as authorized in this Protective Order. Notwithstanding any other provision in this Order, Expedited Documents shall not be distributed, disclosed, or made available to any labor union, specifically including the Farm Labor Organizing Committee, AFL-CIO, ("FLOC") or the North Carolina Growers Association ("NCGA") or FLOC's or NCGA's current or former officers, employees or agents.

  6. **Secure Storage.** Expedited Documents must be stored and maintained at a location and in a secure manner that ensures access is limited to the persons authorized under the Protective Order.

  7. **Procedure for Designating Materials.** A Producing Party may designate Expedited Documents as "CONFIDENTIAL" or as "ATTORNEY EYES ONLY" that the

Producing Party reasonably and in good faith believes meets the definitions set forth in paragraph B. The designation of information as "CONFIDENTIAL" and "ATTORNEY EYES ONLY" for purposes of this Protective Order shall be made in the following manner and shall further be consistent with any applicable Local Rule of the United States District Court for the Eastern District of North Carolina:

    a.    By affixing the legend "CONFIDENTIAL" or "ATTORNEY EYES ONLY" to Expedited Documents containing any confidential information at the time such materials are produced, or as soon thereafter as the Party seeking protection becomes aware of the confidential nature of the information disclosed and sought to be protected hereunder.

    b.    Before disclosing Expedited Documents designated as ATTORNEY EYES ONLY or CONFIDENTIAL to a bona fide expert or bona fide consultant pursuant to this subsection, the following procedures shall be employed:

    (1)    Counsel shall: (i) notify, in writing by either e-mail or overnight delivery or fax, counsel for the Producing Party designating the Information CONFIDENTIAL or ATTORNEY EYES ONLY of their desire to disclose such CONFIDENTIAL or ATTORNEY EYES ONLY Information to a bona fide expert or bona fide consultant; (ii) obtain a written declaration, in the form attached hereto as Exhibit A, from each such expert or consultant; and (iii) provide to counsel for the Producing Party a copy of that declaration.

    (2)    If no objection to such disclosure is made by the designating party within two business days of receipt of such notification and declaration, counsel shall be free to make such disclosure to the designated expert or consultant, who shall be bound by the signed declaration.

c. All Information that is designated CONFIDENTIAL or ATTORNEY EYES ONLY under this Protective Order shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Expedited Documents under the terms of this Protective Order. CONFIDENTIAL or ATTORNEY EYES ONLY Information received by any authorized person shall be used only for purposes of this litigation and for no other purpose, including but not limited to labor organizing.

d. In no case shall Information designated CONFIDENTIAL or ATTORNEY EYES ONLY be disclosed to any person or entity who competes directly or indirectly with Defendant or any labor organization, including its officers, current or former representatives, employees or agents.

e. If, through inadvertence, a party produces a CONFIDENTIAL or ATTORNEY EYES ONLY Expedited Document without designating it as CONFIDENTIAL or ATTORNEY EYES ONLY, the Producing Party may, as soon as reasonably practical, inform the other parties of the intended CONFIDENTIAL or ATTORNEY EYES ONLY designation, and all parties shall treat such Information as CONFIDENTIAL or ATTORNEY EYES ONLY Information under this Protective Order. To the extent that any party already has disclosed this Information, that party promptly shall notify the Producing Party as to the specific recipients of such Information and shall take all reasonable steps to remove such Information from said recipients unless they otherwise are entitled to disclosure under this Order.

8. This Order shall not prevent any party from applying to the Court for relief from it, from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify or vacate this Order, subject to the approval of the Court.

9. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

10. **Disclosure.** Unless otherwise ordered by the Court or permitted in writing by the Producing Party, CONFIDENTIAL Material may be disclosed only to the following:

    a. Counsel of Record;

    b. To the named plaintiffs or defendants, all of whom must also abide by this order;

    c. Bona fide experts or bona fide consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A;

    d. the designated mediator who is assigned to hear this matter, and his or her staff;

    e. services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations or other demonstrative materials to be used in litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit B; and

    f. nothing within this paragraph or this Order permits disclosure of Confidential material to any non-party, specifically including FLOC or to the NCGA or FLOC's or NCGA's current or former officers, employees or agents.

12. **Disclosure.** Unless otherwise ordered by the Court or permitted in writing by the Producing Party, ATTORNEY EYES ONLY material may be disclosed only to the following:

    a. Counsel of Record;

    b. the Court and Court personnel;

c. the designated mediator who is assigned to hear this matter, and his or her staff;

d. services retained by counsel to retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations or other demonstrative materials to be used in litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit B;

e. professional Vendors to which disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit B.

f. Nothing within this paragraph or this Order permits disclosure of ATTORNEY EYES ONLY material to any non-party, specifically including FLOC or to the NCGA or FLOC's or NCGA's current or former officers, employees or agents.

## C. Effect of Production

1. This Protective Order is entered solely for the purpose of facilitating an early mediation between the parties to this action. By consenting to this Protective Order and participating in mediation, no Party releases or waives its rights, claims, or defenses, including those related to a motion to disqualify counsel.

## D. Subpoena of Discovery Material in Another Action.

1. If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking Expedited Documents by someone other than that Party, the Party shall give written notice within five (5) business days of receipt of such subpoena, demand or legal process, to the Producing Party and shall object to its production until either the original

producing party consents or the Court orders production of all or some of the Expedited Documents.

E. **Miscellaneous**

1. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the Party, the Producing Party, or counsel for either against whom such waiver will be effective.

2. The U.S. District Court for the Eastern District of North Carolina is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Discovery Material produced under the protection of this Protective Order shall be resolved by the U.S. District Court for the Eastern District of North Carolina. Every individual who receives any Expedited Documents agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, or an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered by the Court.

This the 4th day of August, 2015.

SO ORDERED:

_____
LOUISE W. FLANAGAN

United States District Court Judge

# **EXHIBIT A**

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. This statement is submitted in support of my request for access to materials under the Consent Protective Order in this action.

3. I have been retained by _____, a party to this action, as a consultant or expert witness. My title is _____, and my employer is _____.

4. I am not a current or former officer, employee or agent of the Farm Labor Organizing Committee, AFL-CIO ("FLOC") or the North Carolina Growers Association ("NCGA").

5. My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to this proceeding. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with a party in this action or with any other firm that might gain a competitive advantage from access to the material disclosed under the Consent Protective Order:

_____

_____

6. I have attached the following information:
    A. a current resume describing my education and employment history to date;
    B. a description of the financial interests that I, my spouse, and/or my immediate family has in any entity that is an interested party in this proceeding or whose Confidential Information will be reviewed.

7. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Mateo-Evangelio, et al. v. Triple J Produce, Inc., et al.*, Case No. 7:14-cv-302-FL, in the United States District Court, Eastern District of North Carolina, Western Division ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its

terms and conditions.

8. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

9. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL except as allowed by Protective Order.

10. I agree to use any Information designated CONFIDENTIAL solely in connection with participation in this action and for no other purpose.

11. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

12. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this \_\_\_\_ day of _____, \_\_\_\_\_.

_____
Signature

# EXHIBIT B

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present occupation or job description is _____;

3. I am not a current or former officer, employee or agent of the Farm Labor Organizing Committee, AFL-CIO ("FLOC") or the North Carolina Growers Association ("NCGA");

4. I agree to keep confidential all information provided to me in the matters of *Mateo-Evangelio, et al. v. Triple J Produce, Inc., et al.*, Case No. 7:14-cv-302-FL, which case is pending in the United States District Court for the Eastern District of North Carolina, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement;

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]