UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MANUEL MATEO-EVANGELIO, JAIME TREJO-CARDONA, GILBERTO CERVANTES-VEGA, REYNALDO VILLALOBOS-MARTINEZ, EMILIO REYES, MARIA DE LOS ANGELES GONZALEZ-ROMAN, RAMIRO CERVANTES-VEGA, FRANCISCO CARMELO MATIAS-CASTRO, PABLO GONZALEZ-ROMAN, BENIGNO VILLAGOMEZ-GARCIA, and SERGIO NARCISO LOPEZ-JUAREZ, on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TRIPLE J PRODUCE, INC., HOCUTT BROTHERS, INC., HOCUTT FARMS, INC., JUDY HOCUTT, JOEY M. HOCUTT, JAMES MICHAEL HOCUTT, and M. JAY HOCUTT, | ) ) ) ) ) | Civil Action No.: 7:14-cv-302-FL |
| Defendants. | ) ) ) | |

**ORDER APPROVING CLASS AND COLLECTIVE ACTION CERTIFICATION
UNDER RULE 23(b)(3) AND 29 U.S.C. § 216(b)**

This matter is before the Court on the parties' joint motion for class and collective action certification. The Plaintiffs' Third Amended Complaint, filed on October 7, 2015, alleges claims for relief under five legal theories. Doc. 60. In four of those five claims, the plaintiffs seek class or collective action relief. Doc. 60. The first claim is a class action claim pursuant to Rule 23(b)(3), Fed. R.Civ. P., for failure to pay the promised wage under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq.*, for workweeks in 2013 and 2014 when the named plaintiffs and class

1

members worked more than 40 hours at least part of which involved the processing or packing of sweet potatoes grown by some grower other than the defendants. Doc. 60 at 73-74 (¶¶104-06). The second is another class action claim pursuant to Rule 23(b)(3), Fed. R. Civ. P., for failure to pay the promised wage under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq.*, for "corresponding employment" (as defined in 20 C.F.R. § 655.103(b)) in 2014. Doc. 60 at 74-76 (¶¶107-09). The third is a collective action claim for overtime wage violations from January 1, 2012 to August 28, 2015 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Doc. 60 at 76-77 (¶¶110-12). The fourth claim is a third class action claim under Rule 23(b)(3) for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") from January 1, 2012 through December 31, 2014. 29 U.S.C. §§ 1801, *et seq*. Doc. 60 at 77-86 (¶¶113-115). The final claim is an individual claim for retaliation against ten of the eleven named plaintiffs and the wrongful discharge of plaintiff Jaime Trejo-Cardona in 2015. Doc. 60 at 86-90 (¶¶116-132). The defendants denied liability for the class and collective action claims as they were alleged in the Second Amended Complaint in their written Answer to that Complaint, and effectively denied the individual claims in mediation.

The Plaintiffs and Defendants have negotiated a settlement agreement in this action which includes relief on a class wide basis for the plaintiffs' claims under the AWPA and the "corresponding employment" claim under the NCWHA, and relief for a collective action of similarly situated employees for the overtime claims under the FLSA of all plaintiffs except plaintiff Lopez. For settlement purposes only, Defendants consent to and join in the Joint Motion for Class and Collective Action Certification under Rule

2

23(b)(3) and 29 U.S.C. § 216(b) ("Joint Motion") pursuant to the Settlement Agreement reached between the parties. (DE 61-1). Class certification pursuant to this Order is contingent upon final Court approval of the Settlement Agreement (DE 61-1). and therefore all parties retain all rights and contentions concerning class certification in the event the Court does not approve the Settlement Agreement.

Accordingly, pursuant to the Settlement Agreement, the parties now seek to certify a Plaintiff Class under the AWPA for statutory damages under 29 U.S.C. § 1854(c)(1) and Rule 23(b)(3), Fed. R. Civ.P., a Plaintiff Class under the NCWHA for back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.22(a) and 95-25.22(a1) and Rule 23(b)(3), Fed.R.Civ.P., and a collective action under the FSLA for back wages and liquidated damages. 29 U.S.C. §§ 207 and 216(b).

The parties move under Rule 23(b)(3), Fed.R.Civ.P., for certification of an AWPA class ("AWPA Class") represented by all plaintiffs and defined as follows:

> all migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who were employed by Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. or jointly employed by one or more of those same corporate entities and farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar to perform temporary or seasonal work in agriculture for defendants Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. in the three (3) agricultural seasons that occurred in North Carolina in the time period between January 1, 2012 and December 31, 2014.

Doc. 60 at 38-39 (¶49) and at 77 (¶114).

The parties also move under Rule 23(b)(3), Fed.R.Civ.P., for certification of a NCWHA class ("NCWHA Class") represented by all plaintiffs and defined as follows:

> all workers who were not issued an H-2A visa issued pursuant to 8 U.S.C.

3

§§1101(a)(15)(H)(ii)(A), 1184(c), and 1188(a)(1) who were employed at any time in 2014 by Hocutt Brothers, Inc. or jointly employed by Hocutt Brothers, Inc. and the Armenta group (Eusebio, Isidoro, Natalie, and Bertha) of farm labor contractors to perform any "corresponding employment" (as the term "corresponding employment" is defined in 20 C.F.R. § 655.103(b)) for Hocutt Brothers, Inc. at any time between May 15, 2014 and November 19, 2014.

Doc. 60 at 32-34 (¶¶38-39).

Finally, the parties also jointly move the Court for certification of an opt-in class under 29 U.S.C. § 216(b) for the claims of all named plaintiffs other than plaintiff Lopez under 29 U.S.C. § 207 ("FLSA Collective Action"), defined as follows:

Any person who was employed or jointly employed by Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. in the packing house operated by Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. in or around Wilson County, North Carolina in any workweek ending in the time period from January 1, 2012 through August 28, 2015 who worked in excess of 40 hours in any workweek when, during that same workweek, that same person also processed or packed any sweet potatoes that were not grown and produced in connection with the farming operations of Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc.

Doc. 60 at 25-27 (¶¶25-26).

Defendants Triple J Produce, Inc., Hocutt Brothers, Inc., and Hocutt Farms, Inc. are three related farming corporations that the plaintiffs have alleged to be an enterprise pursuant to 29 U.S.C. § 203(r) and N.C.Gen.Stat. § 95-25.2(18). For the time period from January 1, 2012 through August 28, 2015, it is alleged that the plaintiffs and the putative members of the AWPA Class were employed by Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. or jointly employed by one or more of those same corporate entities and farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar as migrant or seasonal agricultural workers to perform various forms of seasonal agricultural work pursuant to

4

various wage rates. Plaintiffs allege that at times they were not paid wages when due, wage rates were not disclosed to them in the manner required by AWPA, accurate wage statements were not provided to them, accurate wage records were not maintained with respect to their employment, and false statements were made to them about the wages to be paid to them.

With the exception of plaintiff Lopez, one or more of the three corporate defendants also employed all other named plaintiffs and the putative members of the collective action in the Triple J Produce, Inc. packinghouse, where they were paid a straight hourly wage for all hours worked, including those hours worked over forty in a single workweek. Plaintiffs allege that they were entitled to overtime pay for all hours over forty in any workweek in which Defendants packed or processed sweet potatoes supplied by certain outside growers. Plaintiffs also allege that the corporate defendants and farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar were joint employers of named plaintiff Sergio Narciso Lopez Juarez and the workers furnished by those same farm labor contractor(s) who are putative members of the AWPA Class and the NCWHA Class. Plaintiffs further alleged that Defendants' recordkeeping and pay practices were in violation of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

## I.     RULE 23(b)(3) CLASS CERTIFICATION MOTION

When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement. *Aguilar-Gamas v. Scott Farms, Inc.*, Case No.: 5:13-CV-447-FL, 2014 U.S.Dist.LEXIS 177206, at *4 (E.D.N.C. Order filed Dec. 24, 2014)("*Aguila-Gamas*"); *Covarrubias v. Capt. Charlie's Seafood, Inc.,* Case No. 2:10-CV-

5

10-F, 2011 WL 2690531 (E.D.N.C., July 06, 2011)("*Covarrubias*"), at *2. There is a strong judicial policy in favor of settlement. *See Bennett v. Behring Corp.*, 737 F. 2d 982, 986 (11th Cir. 1984). The parties seeking class certification must still meet the four prerequisites of Federal Rules of Civil Procedure 23(a)(1) through (4) and then must establish that they constitute a proper class of at least one of the types delineated in Rules 23(b)(1) through (3). However, in those cases, courts do not need to inquire whether the class will be manageable at trial because the settlement makes a trial unnecessary. *Anchem Products v. Windsor*, 521 U.S. 591, 620 (1997).

As detailed below, Plaintiffs' Third Amended Complaint and the information submitted in support of the Joint Motion are sufficient to satisfy the requirements of Rule 23(a) and establish that the Classes Plaintiffs seek to represent also qualify under Rule 23(b)(3) and that the Plaintiffs have met their burden under 29 U.S.C. § 216(b) for certification of the FLSA collective action alleged in connection with § 216(b) of the FLSA.

A. **Named Plaintiffs are Members of and Have Precisely Defined the Plaintiff Rule 23(b)(3) Classes They Seek to Represent.**

The court must make two initial determinations before determining whether to certify a class action: that a precisely defined class exists, *Haywood v. Barnes*, 109 F.R.D. 568, 576 (E.D.N.C. 1986), and that the class representative is a member of the proposed class. *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). The AWPA Class is defined as

> all migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who were employed by Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. or jointly employed by one or more of those same corporate entities and farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or

6

> Francisco Salazar to perform temporary or seasonal work in agriculture for defendants Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. in the three (3) agricultural seasons that occurred in North Carolina in the time period between January 1, 2012 and December 31, 2014.

and is therefore sufficiently precise. *Haywood*, 109 F.R.D. at 576. All named plaintiffs other than plaintiff Lopez worked for Defendants as a migrant and/or seasonal agricultural worker in both the fields and packing house during the relevant time periods. Therefore, they are clearly a members of the AWPA Class which they seek to represent.

The NCWHA Class is defined as

> all workers who were not issued an H-2A visa issued pursuant to 8 U.S.C. §§1101(a)(15)(H)(ii)(A), 1184(c), and 1188(a)(1) who were employed at any time in 2014 by Hocutt Brothers, Inc. or jointly employed by Hocutt Brothers, Inc. and the Armenta group (Eusebio, Isidoro, Natalie, and Bertha) of farm labor contractors to perform any "corresponding employment" (as the term "corresponding employment" is defined in 20 C.F.R. § 655.103(b)) for Hocutt Brothers, Inc. at any time between May 15, 2014 and November 19, 2014.

and is also sufficiently precise. *Haywood*, 109 F.R.D. at 576. All named plaintiffs performed "corresponding employment" for the Defendants in the time period from May 15, 2014 through November 19, 2014 and shortly after that date in both the fields and packing house during that same time period. Therefore, they are clearly a members of the NCWHA Class which they seek to represent.

**B. The Numerosity, Commonality, Typicality and Adequacy Requirements of Rule 23(a) are Satisfied with regard to Both of the Alleged Rule 23(b)(3) Classes**

A class action under Rule 23, Fed.R.Civ.P., "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982) ("*Falcon*"). Thus, "*Falcon* requires the trial court to engage in an extensive factual analysis at the certification

7

stage in order to satisfy itself that the requirements of Rule 23 have been met." *Haywood*, 109 F.R.D. at 575. However, the trial court does not examine the merits of the underlying claims when it decides a motion for class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *see also Covarrubias.*, 2011 W 2690531, *3.

Courts should "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Health Plan Services, Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (citing *In re A.H. Robins,* 880 F.2d 709, 740) (4th Cir. 1989), *cert. den., Anderson v. Aetna Cas. and Sur. Co.*, 493 U.S. 959 (1989)), *cert. den., Healthplan Services, Inc. v. Gunnells*, 542 U.S. 915 (2004); *see also Kidwell v. Transportation Communications International Union*, 946 F.2d 283, 305 (4th Cir. 1991), *cert. den.*, 503 U.S. 1005 (1992) ("[t]rend is to give Rule 23 a liberal construction."); *Rodger v. Electronic Data Systems Corp*, 160 F.R.D. 532, 535 (E.D.N.C. 1995).

**1. Both the AWPA Class and the NCWHA Class Are Sufficiently Numerous and Joinder Is Impracticable.**

The numerosity requirement of Rule 23(a)(1), Fed.R.Civ.P., mandates that the class be "so numerous that joinder of all members is impracticable." There is no set number of members necessary for class certification and the decision to certify or not certify a class must be based upon the particular facts of each case. *See Haywood*, 109 F.R.D. at 576-77 (courts have "certified classes composed of as few as eighteen… and twenty-five members") (citations omitted).

Based upon the information provided by the defendants in their "good faith" estimates of the total number of "12-month employees" employed by the defendants in each

8

calendar year after December 31, 2011 that is detailed in page 4 of Plaintiff's Exhibit A attached and the "good faith" estimates provided by the defendants as to the total number of migrant agricultural workers furnished to them in 2012, 2013, and 2014 that are detailed in pages 1-2 of Plaintiff's Exhibit E attached, both the proposed AWPA and the proposed NCWHA settlement classes include significantly more than 50 people who worked for Defendants for a substantial period of time from January 1, 2012 through December 31, 2014 for the AWPA class and more than 50 people who performed "corresponding employment" for the Defendants in 2014. Although there are a sufficient number of putative class members to establish numerosity, this Court's analysis should not be limited to numbers alone. *See Rodger*, 160 F.R.D. at 536-537. Here, the presumption of numerosity should also stand because joinder of all members of the class is all but impossible. Where, as in this case, class members are geographically dispersed, lack sophistication, and are non-English speaking migrant workers, courts have found that such additional factors make joinder impracticable. *See Aguilar-Gamas*, 2014 U.S.Dist.LEXIS 177206, at *10-*11, *supra*; *Gaxiola v. Williams Seafood of Arapahoe, Inc.,* 776 F.Supp.2d 117, 130 (EDNC 2011); *Covarrubias*, 2011 WL 2690531 at 4; *Rodriguez v. Berrybrook Farms, Inc.,* 672 F. Supp. 1009, 1013-1014 (W.D. Mich. 1987)*; Leyva v. Buley,* 125 F.R.D. 512, 515 (E.D.Wash. 1989).

      Furthermore, the Court finds that the Plaintiffs and the members of the AWPA Class and the NCWHA class are "economically disadvantaged, making individual suits difficult to pursue." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). Because the number of class members in both the AWPA class and the NCWHA class are sufficient and the circumstances do not make joinder a practical alternative, the AWPA Class and the

9

NCWHA Class meet the Rule 23(a)(1) standard for numerosity.

### 2. There Are Common Questions of Law and Fact to Both the AWPA Class and the NCWHA Class.

Under the "commonality" requirements of Rule 23(a)(2), Fed.R.Civ.P., at least one common question of law or fact must exist among class members. *See Haywood*, 109 F.R.D. at 577-78. It is not necessary, however, that all of the questions of law or fact in a case be common to all putative class members, but only that "a single common question . . . exist." *Rodger*, 160 F.R.D. at 537. "Indeed, a single common question is sufficient to satisfy the rule." *Haywood*, 109 F.R.D. at 577. In the Court's class certification Order filed on June 29, 2009 in *Hernandez Garcia v. Frog Island Seafood, Inc.*, No. 2:06-CV-46-F (E.D.N.C. June 29, 2009)(hereinafter referred to as "*Hernandez-Garcia* Order"), the named Plaintiffs were crab workers who had claims related to payment for housing and knives that were not shared by dock workers. However, the Court found there were common issues of law and fact between the Plaintiffs and the dock workers related to payment of visa and transportation costs such that commonality existed. *See Hernandez Garcia* Order at 4-5; *see also*, *Haywood*, 109 F.R.D. at 577 (holding that "class certification will not be defeated solely because there are some factual variations among the members' grievances").

Here, for the AWPA Class, the named plaintiffs and the other putative class members were all agricultural workers who worked for Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. in the three (3) agricultural seasons that occurred in North Carolina in the time period between January 1, 2012 and December 31, 2014 and share common questions of law or fact: (a) for each of those same seasons, were the named plaintiffs and the members of the putative class employed by Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. or jointly employed by one or more

of those same corporate entities and farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar as migrant or seasonal agricultural workers to perform temporary or seasonal work under the AWPA? (b) for each agricultural season between January 1, 2012 and December 31, 2014, did defendants Triple J Produce, Inc., Hocutt Brothers, Inc., and/or Hocutt Farms, Inc. violate the wage payment, recordkeeping, working arrangement, and wage statement provisions of 29 U.S.C. §§ 1821(d)(1)(A), 1821(d)(1)(D), 1821(d)(2), 1822(a), 1822(c), 1831(c)(1)(A), 1831(c)(1)(D), 1831(c)(2), 1832(a), and 1832(c) of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") by failing to make, and preserve wage statements and records which accurately disclosed and recorded the basis on which wages were to be paid and the total pay period earnings, failing to pay wages when due, and failing to comply without justification with the defendants working arrangement to pay all applicable FICA taxes on the full amount of wages due for the named plaintiffs and the members of the putative class? *See* Third Amended Complaint, Doc. 60 at 38-49 (¶¶49(a)-(d), 49(h)-(o), and 49(s)) and at 77-85 (¶¶114(a)-(d), 114(h)-(o), and 114(s)). Therefore, the commonality requirement for the AWPA Class is satisfied.

The putative members of the NCWHA Class and the named plaintiffs share similar questions of law and fact. As with the AWPA Class, the named plaintiffs and the other putative class members were all agricultural workers who worked for Hocutt Brothers, Inc. in the 2014 season that occurred in North Carolina in the time period between May 15, 2014 and November 19, 2014 and share common questions of law or fact: (a) for any part of that same time period in 2014, were the named plaintiffs and the members of the putative class employed by Hocutt Brothers, Inc. or jointly employed by

11

one or more of those same corporate entities and farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar to perform "corresponding employment" as that term is defined in 20 C.F.R. § 655.103(b)? (b) for any "corresponding employment" that the named plaintiffs and the members of the putative class performed at any time in that same time period in 2014, did defendant Hocutt Brothers, Inc. pay them at the hourly rate of $9.87 or higher for the work that they performed? *See* Third Amended Complaint, Doc. 60 at 32-34 and 74-76 (¶¶38-39 and 107-09). Therefore, the commonality requirement for the NCWHA Class is also satisfied.

### 3. The Named Plaintiffs' AWPA and NCWHA Claims Are Typical of the Members of Each Class.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defense of the class. *Haywood*, 109 F.R.D. at 578. "The claim of a party is typical if it arises from the same event or course of conduct which gives rise to the claims of other class members and is based on the same legal theory." *Id*. "[T]he requirements of commonality and typicality tend to merge" in that "[b]oth serve as guideposts for determining whether under particular circumstances maintenance of a class action is economical and whether the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. at 157 n.13. The typicality requirement does not require that all of the putative class members share identical claims. *Rodger*, 160 F.R.D. at 538 ("A court may determine that the typicality requirement is satisfied even when the plaintiffs' claims and the claims of the class members are not identical"). The prerequisite is only that Plaintiffs' claims be common, and "class representatives must not have an interest that is

12

Case 7:14-cv-00302-FL   Document 67   Filed 01/14/16   Page 12 of 19

antagonistic to that of the class members." *Id.*

The facts alleged in Plaintiffs' Third Amended Complaint and the Declarations of named plaintiffs Lopez and Mateo meet the requirements of Rule 23(a)(3) with respect to both the AWPA Class and the NCWHA Class. The claims of the named plaintiffs and the claims of the members of the AWPA Class and NCHWA Class arise from the same practices and course of conduct by Defendants. The named plaintiffs and the members of the proposed AWPA Class were all employees of Defendants who were all not paid wages when due for whom the Defendants did not keep or provide the required wage records or wage statements and for whom the Defendants did not pay FICA taxes on all wages that were due during at least part of their employment. The named plaintiffs and the members of the proposed NCWHA Class were also all workers who were employed by Hocutt Brothers, Inc. or jointly employed by Hocutt Brothers, Inc. and the Armenta group (Eusebio, Isidoro, Natalie, and Bertha) of farm labor contractors in 2014 who performed "corresponding employment" within the meaning of 20 C.F.R. § 655.103(b) who were not paid wages at the hourly rate of $9.87 during at least part of that corresponding employment.

The claims of the named Plaintiffs and proposed AWPA Class members are based on the same legal theory. Defendants were required under the AWPA to make and preserve wage statements and records which accurately disclosed and recorded the basis on which wages were to be paid and the total pay period earnings, to pay wages when due, and to comply with the defendants' working arrangement to pay all applicable FICA taxes on the full amount of wages due to the named plaintiffs and the members of the putative class. 29 U.S.C. §§ 1821(d)(1)(A), 1821(d)(1)(D), 1821(d)(2), 1822(a), 1822(c), 1831(c)(1)(A), 1831(c)(1)(D), 1831(c)(2), 1832(a), and 1832(c). There is substantial

13

evidence in the form of Declarations by plaintiffs Lopez and Mateo that the defendants failed to do this. Therefore, the named plaintiffs have established that the claims under the AWPA are "typical" of the claims of the AWPA Class that they seek to represent.

The claims of the named Plaintiffs and proposed NCWHA Class members are also based on the same legal theory. Defendants were required under the NCWHA to pay promised wages when due pursuant to N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) and 13 NCAC Tit. 12 § .0803 (defining term "promised wage"). The defendants promised to pay the named plaintiffs and all putative members of the NCWHA Class at the rate of at least $9.87/hour for all "corresponding employment" performed in the time period from May 15, 2014 through November 19, 2014. *See* Doc. 60-1 at 4 (Boxes 17-18), at 6 (Box 27), and at 10-13, and 20 C.F.R. §§ 655.103(b)(definition of "corresponding employment"), and 655.122(l). There is substantial evidence in the form of Declarations by plaintiffs Lopez and Mateo that the defendants failed to do this. Therefore, the named plaintiffs have established that the claims under the NCWHA are "typical" of the claims of the NCWHA Class that they seek to represent.

### 4. The Named Plaintiffs Are Adequate Representatives of the AWPA Class and the NCWHA Class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is a two-part inquiry to determine: (1) whether the class representatives' claims are sufficiently interrelated to and not antagonistic with the class' claims and (2) that legal counsel is qualified, experienced and generally able to conduct the litigation. *Rodger*, 160 F.R.D. at 539; s*ee also Haywood*, 109 F.R.D. at 578. The named plaintiffs have met these requirements with respect to the both the proposed AWPA Class and the NCWHA Class.

14

The named plaintiffs meet the first requirement by demonstrating their consistent involvement in the litigation. *Id.* at 578-79. Here, as in *Haywood*, they have a common interest with class members in the litigation, possesses a personal financial stake in the outcome, consulted regularly with Class Counsel, submitted Declarations to the Court, and participated in a lengthy mediation to resolve these claims. *Id.;* Declaration of Robert J. Willis in Support of Joint Motion for Preliminary Approval of Collective Action and Class Action Settlement, ("Willis Decl.") (Doc. 62-2), ¶¶ 5 and 7. All named plaintiffs understood their obligation as class representatives in the event that the Court certified this as a class action with respect to AWPA claims. *See* Willis Decl., ¶ 7.

In addition, under the arrangement between the Plaintiff and counsel, all expenses incident to class certification can be advanced to the named Plaintiffs by counsel for the Plaintiffs, with the named Plaintiffs remaining ultimately liable for such costs in the event that the Court rejects either the Settlement Agreement or the Plaintiffs' request and motion that the expenses involved in providing notice to the class be paid for by the Defendants. Willis Decl., ¶¶3-4; *see Haywood*, 109 F.R.D. at 580 (approving such a cost advance arrangement).

Lastly, Robert Willis, counsel for the named Plaintiffs, is experienced counsel who have previously been counsel in class action litigation, including class litigation involving claims that were materially identical to those asserted in the instant case. Willis Decl., ¶¶14-15. *See also Aguilar-Gamas*, 2014 U.S.Dist.LEXIS 177206, at *13-*14.

### C. The AWPA Class and the NCWHA Class Satisfy the Requirements of Rule 23(b)(3).

Class certification under Rule 23(b)(3) requires that common issues of law or fact predominate over individual issues and that the class action be the superior method of

15

dealing with the dispute. The factors used to make this determination are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Rule 23(b)(3), Fed. R. Civ. P. *See also Haywood*, 109 F.R.D. at 580-84, and 592-93.

The proposed class satisfies the requirements of (b)(3) for the reasons already stated in Parts I.A. and I.B.1. through B.4. above of this Order as to Rule 23(a). *See Rossini v. Ogilvy & Mather, Inc*., 798 F.2d 590 at 598 (2d Cir. 1986) (holding that satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality"). Based on the allegations in the Complaint and other materials submitted by the parties in support of their Joint Motion for Class Certification, certification of the AWPA Class and the NCWHA Class are appropriate under Rule 23(b)(3). The legal and factual issues described in paragraphs ¶¶38-39 and 49(a)-(d), 49(h)-(o), and 49(s) of the Third Amended Complaint predominate over any individual issues of law and fact for any Plaintiff class member.

Class treatment of the legal issues identified in this case would also be superior to other procedures for the handling of the claims in question for a number of reasons. No member of the AWPA Class or the NCWHA Class has any necessary interest in individually controlling the prosecution of the claims at issue in this litigation. "Additionally, because of the relatively small amount of the wage claims in this case, no individual class member could have any reasonable financial capability to pursue this

litigation on an individual basis." *See Gaxiola* 2011 WL 806792 at 12; *Hernandez Garcia* Order at 6. Furthermore, no other litigation concerning this matter and filed by any of the parties involved in the present action is currently pending.

This Court also has a substantial interest in the resolution of the issues raised in this litigation occurring in one forum. Because Plaintiff and members of the AWPA Class and the NCWHA Class were all employed by the same interrelated corporate employers, Triple J Produce, Inc., Hocutt Brothers, Inc., and Hocutt Farms, Inc., that maintained payroll records and employee data for all of the field workers the directly employed and for the workers furnished to them by the farm labor contractors they used in 2012, 2013, and 2014 for the entire time period covered by the AWPA Class and the NCWHA Class, the management of a class action under Rule 23(b)(3) for both the AWPA Class and the NCWHA Class in this matter should not present any difficulties.

## II. THE PLAINTIFFS HAVE MET THE REQUIREMENTS FOR CERTIFICATION OF A COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

The legal standard for evaluating the "similarly situated" requirement for a FLSA collective action under 29 U.S.C. §216(b) is discussed in *Jimenez-Orozco v. Baker Roofing Co.*, 2007 WL 4568972 (E.D.N.C. Dec. 21, 2007) at*6-7; and *Leyva v. Buley*, 125 F.R.D. at 518. If those standards are applied to this case, there can be no doubt that the named plaintiffs other than plaintiff Lopez have met them with respect to the FLSA clam in this case.

The FLSA Collective Action in this case is based upon the claim of all named plaintiffs other than plaintiff Lopez in ¶¶25-28 and 110-112 of the Third Amended Complaint that in the time period from January 1, 2012 through August 28, 2015 they and other similarly situated employees of Triple J Produce, Inc., Hocutt Brothers, Inc.,

17

and/or Hocutt Farms, Inc. were not paid at the overtime rate required by 29 U.S.C. § 207(a)(1) for the hours they performed work for one or more of those same three corporate entities that totaled in excess of 40 hours in the same workweek when, during that same workweek, that same person also processed or packed some sweet potatoes that were not grown and produced in connection with the farming operations of one or more of those same three corporate entities.

Under the two-step "*ad hoc*" approach to certification of collective actions under § 216(b)[1], this Court has previously certified at least one FLSA overtime wage collective action that was materially identical to the case at bar on the grounds that the named plaintiffs in that case were "similarly situated" to those of their co-workers who were not paid wages at the overtime rate required by 29 U.S.C. § 207 for the overtime work they performed in the defendant's packing house. *See Aguilar-Gamas*, 2014 U.S.Dist.LEXIS 177206, at *16-*17. The plaintiffs' proof in this case shows that like the defendants in *Aguilar-Gamas*, the defendants in this case uniformly did not pay the plaintiffs and the other members of the collective action from January 1, 2012 through August 28, 2015 at the overtime rate required by 29 U.S.C. § 207 for the overtime work they performed in the defendants' packing house even though those same employees were regularly processing and packing sweet potatoes that the defendants processed that were unrelated to the defendants' farming operations. *See* 29 C.F.R. §§ 780.137 and 780.141 and cases cited therein.

The Declaration of named plaintiff Mateo, the back wages spreadsheet marked as

---

[1] *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2nd Cir. 2010); *O'Brien v. Ed Donnelly Ent., Inc.,* 575 F.3d 567, 583-87 (6th Cir. 2009); *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 124 3 fn.2 (11th Cir. 2003); and *Thiessen v. GE Capital Corp..* 267 F.3d 1095, 1105 (10th Cir. 2001).

Plaintiff's Exhibit D, and the Expedited Documents produced by the defendants in the mediation process show that the defendants failed to pay the named plaintiffs and other employees substantial amounts of wages that they were due at the overtime rate required by 29 U.S.C. § 207(a).

In addition, unlike the Eleventh Circuit, this Court and other courts both within and without the Fourth Circuit generally do not require the party seeking collective action certification under the FLSA to make any showing that other "similarly situated" co-workers are willing to opt-in to the proposed class. *Compare Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983); and *Mackenzie v.Kindred Hosps. E., L.L.C.*, 276 F. Supp.2d 1211, 1220 (M.D. Fla. 2003), *with Barrerra v. U.S. Airways Group, Inc.*, Case No. CV-2012-02278-PHX-BSB, 2013 U.S.Dist.LEXIS 124624, at *20-*22 (D.Az. filed Aug. 30, 2013); *Purdham v. Fairfax County Public Schools*, 629 F.Supp.2d 544, 548-49 (E.D.Va. 2009); *Heckler v. DK Funding, LLC*, 502 F.Supp.2d 777, 780 (N.D.Ill. 2007); *Neary v. Metro. Prop. & Cas. Ins. Co.*, supra, 517 F.Supp.2d 606, 622-23 fn. 7 (D.Conn. 2007); and *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 629 (D.Colo. 2002).

### III. CONCLUSION

For the reasons set forth above, the parties' Joint Motion for Class and Collective Action Certification is GRANTED.

This the 14th day of January, 2016.

*(signature)*

LOUISE W. FLANAGAN
United States District Judge