UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| MANUEL MATEO-EVANGELIO, JAIME TREJO-CARDONA, GILBERTO CERVANTES-VEGA, REYNALDO VILLALOBOS-MARTINEZ, EMILIO REYES, MARIA DE LOS ANGELES GONZALEZ-ROMAN, RAMIRO CERVANTES-VEGA, FRANCISCO CARMELO MATIAS-CASTRO, PABLO GONZALEZ-ROMAN, BENIGNO VILLAGOMEZ-GARCIA, and SERGIO NARCISO LOPEZ-JUAREZ, on behalf of themselves and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> TRIPLE J PRODUCE, INC., HOCUTT BROTHERS, INC., HOCUTT FARMS, INC., JUDY HOCUTT, JOEY M. HOCUTT, JAMES MICHAEL HOCUTT, and M. JAY HOCUTT, <br><br> Defendants. | CLASS ACTION <br><br><br><br> Civil Action No.: <br> 7:14-cv-302-FL |

## ORDER APPROVING CONTENT OF NOTICE TO CLASS MEMBERS AND METHOD OF DISTRIBUTION OF CLASS NOTICE

This matter is before the Court on the Joint Motion by the named Plaintiffs and the Defendants to Approve Notice to Class and Collective Action Members and to Approve Method for Distributing Notice. In support of their Joint Motion, the named Plaintiffs and the Defendants have filed a stipulated notice and method of distribution. The proposed content and method of distribution for that notice are consistent with that previously approved for use in other similar wage actions before the federal courts of this state. *See Haywood v. Barnes*, 109 F.R.D. 568 (E.D.N.C. 1986). They also appear to be reasonably calculated to provide the best notice practicable under the

circumstances of this case.

The proposed Notice to Class Action Members of Proposed Settlement, Deadline for Objections, and Opportunity to Withdraw (the "Notice") is both a neutral and comprehensive document that fairly apprises the Plaintiff Class Members of (i) the pendency of the class action, (ii) the substance of the litigation, (iii) the reasons for compromising the claims, (iv) the terms of the proposed settlement, and (v) the opportunity to withdraw. The Notice also provides the Plaintiff Class Members with an opportunity to obtain any necessary further information, and apprises them of their right to object to the settlement, the objection deadline, and the date of the hearing on this Court's final approval, if any, of the Settlement Agreement.

The Court therefore formally approves the content of the Notice attached to this Order, as well as the method of distribution for the Notices to class and collective action members set out in the Joint Motion. The Notice shall be distributed to the members of the class previously certified by this Court within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

This the 14th day of January, 2016.

_____
U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MANUEL MATEO-EVANGELIO, JAIME TREJO-CARDONA, GILBERTO CERVANTES-VEGA, REYNALDO VILLALOBOS-MARTINEZ, EMILIO REYES, MARIA DE LOS ANGELES GONZALEZ-ROMAN, RAMIRO CERVANTES-VEGA, FRANCISCO CARMELO MATIAS-CASTRO, PABLO GONZALEZ-ROMAN, BENIGNO VILLAGOMEZ-GARCIA, and SERGIO NARCISO LOPEZ-JUAREZ, on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CLASS ACTION |
| v. | ) ) | |
| TRIPLE J PRODUCE, INC., HOCUTT BROTHERS, INC., HOCUTT FARMS, INC., JUDY HOCUTT, JOEY M. HOCUTT, JAMES MICHAEL HOCUTT, and M. JAY HOCUTT, | ) ) ) ) ) | Civil Action No.: 7:14-cv-302-FL |
| Defendants. | ) ) | |

**NOTICE TO CLASS AND COLLECTIVE ACTION MEMBERS OF PROPOSED SETTLEMENT, DEADLINE FOR OBJECTIONS, AND OPPORTUNITY TO WITHDRAW**

This notice is being sent to you to tell you about a class action lawsuit now pending in United States District Court of the Eastern District of North Carolina. **You are or may be a member of one or more of the classes or groups of people** involved in this lawsuit. This notice will tell you how your rights may be affected by this lawsuit.

1. **What Is This Lawsuit About?**

This lawsuit was filed by Manuel Mateo-Evangelio, Jaime Trejo-Cardona, Gilberto Cervantes-Vega, Reynaldo Villalobos-Martinez, Emilio Reyes, Maria De Los Angeles Gonzalez-Roman, Ramiro Cervantes-Vega, Francisco Carmelo Matias-Castro, Pablo Gonzalez-Roman, Benigno Villagomez-Garcia, and Sergio Narciso Lopez-Juarez ("the Plaintiffs") who have asked for back wages against Triple J Produce, Inc., Hocutt Brothers, Inc., Hocutt Farms, Inc., Judy Hocutt, Joey M. Hocutt, James Michael Hocutt, and M. Jay Hocutt (the "Defendants") under U.S. and North

Carolina law, on behalf of themselves and several classes or groups of other employees.  This lawsuit covers anyone who was employed January 1, 2012.

**You are receiving this notice because the records of Triple J Produce, Inc., Hocutt Brothers, Inc., Hocutt Farms, Inc., and/or farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar show you are or may be a member of one or more of the classes or groups involved in this action.**

## 2. Information About The Lawsuit:

Plaintiffs filed this lawsuit against Defendants, claiming that Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), Fair Labor Standards Act (FLSA) and the North Carolina Wage and Hour Act (NCWHA). Plaintiffs claim that Defendants violated the wage payment requirements of the NCWHA in 2014 when they paid their regular field worker and packing house employees at less than the $9.87 per hour that the Defendants paid employees with H-2A visas in the time period between May 15, 2014 and around November 15, 2014 for performing the same work as the Defendants' H-2A employees performed. The plaintiffs also claim that the Defendants' employees during this time period included workers who were furnished to the Defendants by the Armenta group (Eusebio, Isidoro, Natalie, and Bertha) of farm labor contractors. The Plaintiffs say this and the Defendants' failure to pay the minimum and overtime wage required by the Fair Labor Standards Act (FLSA) in 2012, 2013, and 2014 means Defendants violated the AWPA in 2012, 2013, and 2014 by not paying them all their wages when due, by not keeping accurate records of their hours worked, by not providing them with an accurate wage statement with all of the required information, and by violating the working arrangement they had with the Plaintiffs.

Plaintiffs also claim that Defendants violated the overtime part of the FLSA when they did not pay their packinghouse workers overtime pay at the rate of 1.5 times their regular rate of pay during workweeks when they worked packing sweet potatoes for growers other than Triple J Produce, Hocutt Brothers, Inc., and Hocutt Farms, Inc. The Plaintiffs say this means that Defendants violated the AWPA and the NCWHA by not paying them all their wages when due.

Plaintiffs also claim the Defendants violated the AWPA in 2012, 2013, and 2014 by providing them with false or misleading information about their pay, and by not providing accurate disclosures about what their hourly rate of pay would be in each of those years.

The Court has recently decided that this case qualifies as a class action lawsuit. The Court has also recently filed an Order giving its preliminary approval to the proposed Settlement Agreement that is described in this Notice subject to the Court's final review and comments from you and other persons who are eligible members of this class action. This means that you will be included in the lawsuit unless you exclude yourself as described below.

**3. If, in the time period between May 15, 2014 and November 19, 2014, I Worked In the Fields of the Defendants Either As a Member of a Crew of Migrant Agricultural Workers Furnished By Farm Labor Contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar or Directly for Defendants, Do I Have To Do Anything to Participate in the Law Suit as a NCWHA Class member?**

You are automatically a member of the NCWHA Class action if between May 15, 2014 and November 19, 2014, you worked in the fields of the Defendants either as a member of the crew of migrant agricultural workers furnished by the Armenta group (Eusebio, Isidoro, Natalie, and Bertha) of farm labor contractors or directly for the Defendants. As a NCWHA Class member, your legal claims will be decided in this lawsuit. If the Court gives its final approval to

the proposed settlement agreement, you may receive a payment of money. You will be bound by the decision in this case, including those determinations where the Court ruled in favor of the Defendant and against the named plaintiffs unless you ask to be excluded from the NCWHA Class. That is, you will not be able to file a separate suit against the Defendant later.

**If you do not wish to participate in the law suit as a member of the NCWHA class, you must inform the Class Counsel in writing by letter or postcard. Your letter or postcard must be postmarked no later than *[DATE to be inserted – will be 90 days after the date on which the Court files its Order granting class certification of the NCWHA Class in this action and the date on which the Third Party Claims Administrator sends out written notice of the Court's preliminary approval of this Settlement Agreement, whichever date is later].*** It must state your name and address. It must state that you do not want to be a *NCWHA Class* member in this lawsuit and it must be signed by you. The notice must be mailed or faxed to Class Counsel at the address or fax number set out below.

> **Class Counsel**
> Law Office of Robert J. Willis, P.A.
> P.O. Box 1269
> Raleigh, NC 27611
> 1-866-375-2539 (from the continental U.S.)
> 919-821-1763 (fax)

If you opt out of the NCWHA Class, you will have no right to recover any money under any judgment or settlement in this law suit based upon the plaintiffs' NCWHA claims, and will not be bound by any such judgment or settlement. However, you would then have the right to file your own individual lawsuit under the NCWHA against the Defendants. Lawsuits are subject to being dismissed if claims are not filed within applicable time limits. If you exclude yourself from this action, those time limits will start running again.

**Any member of the NCWHA Class who does not timely exercise the right to be excluded will be included in the class law suit and will be bound by any judgment in this lawsuit, favorable or unfavorable.**

**4. If, In the Time Period Between January 1, 2012 and December 31, 2014, I Was Employed As a Migrant or Seasonal Agricultural Worker Either Directly By the Defendants or As a Member of a Crew of Migrant Agricultural Workers Furnished By Farm Labor Contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar, Do I Have To Do Anything to Participate in the Law Suit as an AWPA class member?**

You are automatically a member of the AWPA Class action if between January 1, 2012 and December 31, 2014, you were employed as a migrant or seasonal agricultural worker either directly by the Defendants or as a member of the crew of migrant agricultural workers furnished by farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar. As an AWPA Class member, your legal claims will be decided in this lawsuit. If the Court gives its final approval to the proposed settlement

agreement, you may receive a payment of money.  You will be bound by the decision in this case, including those determinations where the Court ruled in favor of the Defendant and against the named plaintiffs unless you ask to be excluded from the AWPA Class. That is, you will not be able to file a separate suit against the Defendant later.

**If you do not wish to participate in the law suit as a member of the AWPA class, you must inform the Class Counsel in writing by letter or postcard.  Your letter or postcard must be postmarked no later than *[DATE to be inserted – will be 90 days after the date on which the Court files its Order granting class certification of the AWPA Class in this action and the date on which the Third Party Claims Administrator sends out written notice of the Court's preliminary approval of this Settlement Agreement, whichever date is later].***  It must state your name and address.  It <u>must</u> state that you do <u>not</u> want to be an AWPA Class member in this lawsuit and it must be signed by you.  The notice must be mailed or faxed to Class Counsel at the address or fax number set out below.

>   **Class Counsel**
>   Law Office of Robert J. Willis, P.A.
>   P.O. Box 1269
>   Raleigh, NC  27611
>   1-866-375-2539 (from the continental U.S.)
>   919-821-1763 (fax)

If you opt out of the AWPA Class, you will have no right to recover any money under any judgment or settlement in this law suit based upon the plaintiffs' AWPA claims, and will not be bound by any such judgment or settlement.  However, you would then have the right to file your own individual lawsuit under the AWPA against the Defendants.  Lawsuits are subject to being dismissed if claims are not filed within applicable time limits.  <u>If you exclude yourself from this action, those time limits will start running again.</u>

**Any member of the AWPA Class who does not timely exercise the right to be excluded will be included in the AWPA Class law suit and will be bound by any judgment in this lawsuit, favorable or unfavorable.**


**5.  If, In the Time Period From January 1, 2012 Through August 28, 2015, I Worked for Defendants in the Packinghouse and Was Not Paid Wages at One and One-Half Times My Regular Hourly Rate for Workweeks When I Worked More Than 40 Hours In the Same Workweek When At least Some of That Work Time Involved the Packing or Processing of Sweet Potatoes That Were Not Grown By the Defendants, Do I Have to Do Anything to Participate in the Lawsuit?**

If you worked for Defendants in their packinghouse from January 1, 2012 and August 28, 2015, and were not paid wages at 1½ times your regular hourly rate when you worked more than 40 hours in the same workweek when part of that work involved the packing or processing of sweet potatoes that were not grown by the Defendants, then **you must file a Consent to Sue form with this Court in order to participate in this lawsuit.**  If the Court gives its final approval to the

proposed settlement agreement, you may receive a payment of money.  You will be bound by the decision in this case, including those determinations where the Court ruled in favor of the Defendant and against the named plaintiffs unless you ask to be excluded from the class. That is, you will not be able to file a separate FLSA suit against the Defendant later.

**If you wish to participate in the law suit, you must fill out the attached Consent to Sue form.  Your form must be postmarked no later than [*DATE to be inserted – will be 90 days after the date on which the files its Order granting class certification and the date on which the Court files an Order approving the form, content, and method of distribution of class notice, whichever date is later*].**   The form must be mailed or faxed to Class Counsel at the address or fax number set out below.

> **Class Counsel**
> Law Office of Robert J. Willis, P.A.
> P.O. Box 1269
> Raleigh, NC  27611
> 1-866-375-2539 (from the continental U.S.)
> 919-821-1763 (fax)

If you do not return a Consent to Sue form, you will have no right to recover any money for your work in the packinghouse under any judgment or settlement in this law suit, and will not be bound by any such judgment or settlement.  However, you would then have the right to file your own individual lawsuit under the FLSA against the Defendant.  Lawsuits are subject to being dismissed if claims are not filed within applicable time limits.

**Any member of the packinghouse class who does not file a Consent to Sue form within the time limit will not be included in the law suit and will not be bound by any judgment in this lawsuit, favorable or unfavorable.**

### 6. What Should I Do If My Address Changes?

If your address has changed from that shown on the envelope, or if you move in the future, you <u>must</u> notify Class Counsel in writing.  A change of address form is included with this notice.  Without a current address, it may not be possible to keep you informed of developments in the case. Please fill in the information including your new address, and mail it to the address listed on the form.

**7. Who Are The Attorneys For The Plaintiffs' Class?**

The attorneys who represent you are called the "Class Counsel." The attorneys are:

Robert Willis
Law Office of Robert J. Willis, P.A.
P.O. Box 1269
Raleigh, NC 27611
(919) 821-9031
(919) 821-1763 (fax)

Anyone with questions about this lawsuit may contact the Class Counsel at 1-866-375-2539 (from the U.S.). Mr. Willis and everyone employed in his office speaks Spanish.

**You will not be required to pay any fee for services provided by the Class Counsel**. Class Counsel will apply to the Court for an award of attorneys' fees and reimbursement of the reasonable costs and fees from the Defendants.

**8. Who Can I Contact If I Want Further Information?**

If you have questions or you need help understanding this Notice, you can contact the Class Counsel by calling 1-866-375-2539 (from the U.S.).

Do not call the Court or the Clerk of Court.

**9. Information About The Proposed Settlement**

The named Plaintiffs who represent the classes of employees described above have negotiated a tentative settlement with Defendants. This settlement has received preliminary approval by Senior United States District Court Judge Louise Flanagan. The settlement must be finally approved by the Court before its terms can have any legal effect.

The following is a summary of the proposed settlement agreement between Defendants, the named Plaintiffs, and the class and subclass. **If finally accepted by the Court, the terms of this settlement will be binding upon you and all other class members and you will have no further claims or causes of action against the defendants for any claim asserted or which could have been asserted under the AWPA, the NCWHA, or the FLSA.** The full text of the complaint, proposed settlement agreement, and other legal documents are on file with the Court and are available for inspection at the office of the Clerk of Court, U.S. Courthouse, 413 Middle Street, New Bern, NC 28560. In addition, you can obtain copies of these documents by calling the Law Office of Robert J. Willis, P.A. toll free at 1-866-375-2539 (from the United States).

### 10. Proposed Settlement Terms

The Settlement Agreement provides for defendants to pay a total of $328,920 in settlement of the damages claims in this action into a non-interest bearing account. Persons eligible to receive damages under the Settlement Agreement are the eleven (11) named plaintiffs who filed this lawsuit, the FLSA Collective Action members who opt into the action prior to the date falling 90 days after the day that notice of the settlement's final approval is mailed to them. The other persons eligible to receive damages are AWPA Class and NCWHA Class members who do not opt out of the settlement. Those three (3) groups of workers will receive payments from the Settlement Fund as follows:

### A. AWPA Class

**You are receiving this notice because you may be a member of the AWPA Class, and you may be eligible for a payment under the settlement terms listed in Section A below. The persons who are members of the AWPA Class are those persons who, in the time period between January 1, 2012 and December 31, 2014, performed temporary or seasonal work in agriculture for the Defendants as a direct employee of the Defendants or as a member of a crew of migrant agricultural workers furnished by farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar.**

**If you are believed to be a member of the FLSA Collective Action, you will receive a separate notice about your rights.**

1) $128,640 of the Settlement Fund will be allowed for distribution to the members of the AWPA Class.

2) The $128,640 shall be allocated in accordance with the number of seasons worked between January 1, 2012 and December 31, 2014 by those AWPA Class members who do not opt out of the settlement. The per-season rate is $350 per season with a maximum of three (3) seasons. Upon submission of a legible copy of a government-issued photo identification card within the 240-day claims period which starts on the date that written notice is sent out of the Court's final approval of the terms of the proposed Settlement Agreement, claims will be paid within 30 days after the end of that 240-day period. If a claimant's name does not appear in the records produced by Defendants, that person shall be paid the calculated per-season rate at the end of the claims period, provided that they can provide a wage statement or other wage document issued by one or more of the Defendants or farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar any farm labor contractor or field supervisor of defendant Scott Farms, Inc. verifying employment in the qualifying time period by the Defendants and/or one or more of those same farm labor contractor(s).

3) These payments shall be for statutory non-wage damages, for alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act.

4) The AWPA payments will be documented by an IRS Form 1099.

5) The Court will decide the recipient(s) of any money allocated for the AWPA Class that has not been distributed by the close of the payment period described in paragraph A.2. above on this upon motion of the parties with the stipulation that the Defendants are not eligible to be a recipient of such undistributed money for the AWPA Class.

**B. NCWHA Class**

**You are also receiving this notice because you may also be a member of the NCWHA Class, and you may be eligible for a payment under the settlement terms listed in Section B below. The persons who are members of the NCWHA Class are those persons who, in the time period between May 15, 2014 and November 19, 2014, performed agricultural work in the fields or packing house of the Defendants as a direct employee of the Defendants or as a member of a crew of migrant agricultural workers furnished by the Armenta group (Eusebio, Isidoro, Natalie, and Bertha) of farm labor contractor(s) when that same work was also performed by one or more employees of the Defendants who had temporary agricultural worker H-2A visas.**

1) $20,400 of the Settlement Fund will be allowed for distribution to the members of the NCWHA Class.

2) Upon proof of their work and submission of a timely claim within the 90-day claims period which starts on the date that written notice is sent out of the Court's final approval of the terms of the proposed Settlement Agreement, each NCWHA Class member claimant is eligible for a payment equal to the figure obtained by dividing $20,400 by the total number of persons other than the named plaintiffs who were employed at any time in the time period from May 15, 2014 to November 19, 2014 by Hocutt Brothers, Inc. or jointly employed by Hocutt Brothers, Inc. and the Armenta group (Eusebio, Isidoro, Natalie, and Bertha) of farm labor contractors to perform any work that the Defendants' temporary agricultural employees with H-2A visas also performed or were contracted to perform in that same time period. Upon submission of a legible copy of a government-issued photo identification card within that 90-day claims period, claims will be paid within 30 days after the end of that 90-day period. If a claimant's name does not appear in the records produced by Defendants, that person shall be paid the calculated per-season rate at the end of the claims period, provided that they can provide a wage statement or other wage document issued by one or more of the Defendants or farm labor contractor(s) Maximo Becerra, the Armenta group (Eusebio, Isidoro, Natalie, and Bertha), and/or Francisco Salazar any farm labor contractor or field supervisor of defendant Scott Farms, Inc. verifying employment in the qualifying time period by the Defendants and/or one or more of those same farm labor contractor(s).

3) These payments shall be for wage and liquidated damages for alleged violations of the North Carolina Wage and Hour Act.

4) Half of the payment to each NCWHA Class member shall be considered as payment for unpaid wages due under the NCWHA and half shall be considered as payment of liquidated damages under the NCWHA.

5) The Court will decide the recipient(s) of any money allocated for the NCWHA Class that has not been distributed by the close of the payment period described in paragraph B.2. above on this upon motion of the parties.

**C. FLSA Collective Action:**

**The members of the FLSA Collective Action are those people who worked in the Defendants' packinghouse between January 1, 2012 and August 28, 2015 and who packed potatoes for outside growers. If you are believed to be a member of the FLSA Collective Action, you will receive a separate notice about your rights.**

1) $20,480 of the Settlement Fund will be allocated for distribution to the members of the FLSA Collective Action.

2) Upon proof of their work and submission of a timely claim within the 90-day claims period which starts on the date that written notice is sent out of the Court's final approval of the terms of the proposed Settlement Agreement, each FLSA Collective Action member claimant is eligible for a payment equal to the figure obtained by dividing $20,480 by the total number of persons other than the named plaintiffs who were employed in the Defendants' packing house at any time in the time period from January 1, 2012 through August 28, 2015. Upon submission of a legible copy of a government-issued photo identification card within that 90-day claims period, claims will be paid within 30 days after the end of that 90-day period. If a claimant's name does not appear in the records produced by Defendants, that person shall be paid the calculated per-season rate at the end of the claims period, provided that they can provide a wage statement or other wage document issued by one or more of the Defendants.

3) Half of the payment to each collective action member shall be considered as payment for unpaid wages due under the FLSA and half shall be considered as payment of liquidated damages under the FSLA.

4) Claims shall be made by signing an opt-in form which is faxed, postmarked, emailed, or provided in-person to Plaintiffs' counsel or the Settlement Administrator on or before 90 days after the date on which Notice of the Court's final approval of this Settlement Agreement is mailed to each eligible member of the FLSA Collective Action.

5) The Court will decide the recipient(s) of any money allocated for the FLSA Collective Action that has not been distributed by the close of the payment period described in paragraph C.2. above on this upon motion of the parties.

**D. Named Plaintiffs Compensation**

1) The eleven (11) named plaintiffs will receive compensation for their individual claims under the AWPA, the NCWHA, the FLSA, unlawful retaliation in alleged violation of provisions of the AWPA and the FLSA, and the common law of wrongful discharge in the following amounts:

    a) Manuel Mateo-Evangelio - $14,520.00
    b) Jaime Trejo-Cardona - $20,800.00
    c) Benigno Villagomez-Garcia - $14,400.00
    d) Reynaldo Villalobos-Martinez - $14,400.00
    e) Maria Gonzalez-Roman - $14,440.00
    f) Francisco Matias-Castro - $14,360.00
    g) Pablo Gonzalez-Roman - $14,480.00
    h) Gilberto Cervantes-Vega - $14,240.00
    i) Ramiro Cervantes-Vega - $14,400.00
    j) Emilio Reyes - $14,360.00
    k) Sergio Lopez-Juarez - $9,000.00

**E.    Settlement Fund Distribution and Settlement Administration**

Defendants will pay the expenses of administration of the Settlement. Money paid to anyone under the settlement shall be paid in the form of U.S. checks except to any class member residing outside of the U.S., in which case they shall be sent to the class member via wire transfer, with the cost of the wire transfer being deducted from the payment due each such class member. If the class member has an overseas bank account, the wire transfer shall be sent through a bank-to-bank transfer. If the class member does not have a bank account, Plaintiffs' counsel shall consult with the Settlement Administrator to determine the most economical manner to wire the money to that person.

**F.  Taxes, Withholdings, and Reporting.**

Appropriate withholdings for taxes (including, but not limited to, FICA, FUTA, Medicare taxes, and all state and local taxes), will be withheld from the amounts paid to each Class member for unpaid wages. Class members will receive W-2s or 1099-MISC forms, as appropriate, for damages received. Defendants will pay the employer's share of taxes and withholdings.

No withholdings will be made from liquidated damages payments, AWPA damages, or special payments to the Class Representatives.

G. **Payment of Attorney's Fees and Costs**

Pursuant to Rule 23(h) and Rule 54(d) of the Federal Rules of Civil Procedure, Class Counsel will apply to the Court for an award of attorneys' fees and reimbursement of the reasonable costs and fees, including Plaintiffs' mediator fees and costs, from the Defendants. The defendants will pay attorney's fees and costs within 30 days after the Court's Order regarding attorneys' fees, costs and fees.

H. **Release**.

Upon receipt of the payments required by this Settlement Agreement, the Plaintiffs and Class members will give up their claims against the Defendants. They will forever settle, compromise, resolve, release, waive, discharge and terminate claims, grievances, charges, complaints, demands, damages, costs, expenses (including attorneys' fees and costs), or causes of action which were alleged or could have been alleged arising out the of the transactions and occurrences that are the subject matter of the above-referenced action, regardless of whether such claims arise under federal, state or local low or common law, including claims under the Age Discrimination in Employment Act of 1967 and all amendments. Released Claims do not include any claim for worker's compensation benefits, not any rights or claims which may arise after the date the Settlement Agreement is executed.

I. **Stipulation of Voluntary Dismissal With Prejudice.**

This Action shall be dismissed, with prejudice and without costs, within 90 days after the later of 1) final approval of the Settlement Agreement by the Court, or 2) the date on which Defendants have made all of the payments required by this Settlement Agreement.

**9. You May Object to the Proposed Settlement Agreement.**

If you are not satisfied with the proposed settlement agreement that is described in this Notice, you may object to its final approval by the Court by making your objection by sending a copy of your written objection by mail or by fax, on or before [*DATE falling 30 days before the date set by the Court for the final fairness hearing in connection with the proposed Settlement Agreement*] addressed to:

> Robert Willis
> Law Office of Robert J. Willis, P.A.
> P.O. Box 1269
> Raleigh, NC 27611
> (919) 821-1763 (fax)

You may also object to final approval of the settlement by the Court by appearing in person before the Court for a hearing to be held at 11:00 a.m. on April 18, 2016, in the U.S. Courthouse, 413 Middle St., New Bern, North Carolina, where a United States District Court Judge will consider the request of the Plaintiffs and Defendants that the terms of the proposed settlement described above be approved by the Court.

      Filing an objection does not guarantee that any proposed settlement or final Order will not be given final approval by the Court with or without a hearing. If, however, objections are not made by the conclusion of the hearing on May 23, 2016, at 9:00 a.m, any proposed settlement or final Order will automatically become final and binding on you to the extent allowed by law. <u>If any proposed settlement agreement or Order becomes final, you and all other class members will be legally bound by its terms to the full extent allowed by the law.</u>

_____
Hon. Louise Flanagan
United States District Judge


DATE OF THIS NOTICE: _____

# CHANGE OF ADDRESS FORM
## Triple J Produce, Inc./Hocutt Brothers, Inc. Employee

(Please Print)

Full name(s): _____

Your Current Home and Work Telephone Numbers: _____


**NEW** Address (Street or P.O. Box): _____

_____

Town and ZIP Code: _____


**OLD** Address (Street or P.O. Box): _____

_____

Town and ZIP Code: _____


**Please mail to:**

**Class Counsel**
Robert Willis
Law Office of Robert J. Willis, P.A.
P.O. Box 1269
Raleigh, NC 27611
(919) 821-1763 (fax)